CASE 16—INDICTMENT—JUNE 11.

# Usher vs. Commonwealth.

APPEAL FROM HICKMAN CIRCUIT COURT.

1. The *attempt* to shoot another without inflicting a wound, is but an inferior degree of the offense of *shooting at* another without inflicting a wound, and is included in it; and a conviction for the former offense may be sustained under an indictment for the latter. (*Crim. Code*, secs. 258, 259.)

2. The offense of attempting to shoot another, although not described nor punished by any statute, is an offense at common law, which makes it punishable, at the discretion of a jury, by fine and imprisonment, either or both.

3. As the statute limits the punishment for actually shooting at another to $500 for the fine, and twelve months for the imprisonment, it seems proper that the punishment of the minor offense of attempting to shoot should not be greater.

WORTHINGTON & JOYES, for appellant, cited 1 *Rev. Stat., p.* 397; *Whart. Am. Crim. Law, 5th ed., sec.* 2696; *Bishop's Crim. Law, 3d ed., sec.* 814; *Crim. Code, sec.* 260.

JNO. M. HARLAN, Attorney General, for the Commonwealth, cited 1 *Rev. Stat.,* 397; *Crim. Code, secs.* 364, 365, 366, 367.

CHIEF JUSTICE MARSHALL DELIVERED THE OPINION OF THE COURT:

Usher was indicted for unlawfully shooting at another with intent to wound and kill such other, but without inflicting a wound. The indictment sufficiently describes and identifies the offense as above stated; but the evidence, instead of proving an actual shooting at another, proves only that, in the course of a violent assault and battery committed by Usher upon one Morris named in the indictment, or immediately upon its suspension, he got a pistol, and aiming it at Morris, who was then retreating from him, snapped it as often as three times; and the evidence authorized the jury to find that this was an attempt to shoot Morris with intent to wound or kill him.

The jury, under instructions from the court, found the defendant guilty of unlawfully attempting to shoot at Morris, and assessed his fine at $266 66, for which sum a judgment was rendered.

By the second paragraph of the first section of the Revised Statutes on Crimes and Punishments (1st *Stanton's R. S.*, 397–8), it is enacted, that if any person shoot at another, with intent to kill or wound such person, without inflicting a wound, he shall be fined not exceeding $500, and imprisoned not less than six nor more than twelve months.

The evidence does not prove the offense described in the statute above referred to, but proves an assault only, by an attempt to shoot Morris. The attempt to shoot another without inflicting a wound is, however, but an inferior degree of the offense of shooting at another without inflicting a wound, and is included in it. By the common law, and by section 258 of the Criminal Code, the accused may be found guilty of the inferior offense under an indictment charging a higher offense, which includes it. The 259th section of the Code does not undertake to enumerate all of the offenses which shall be deemed to be degrees of other named offenses. But it does enumerate, as degrees of the same offense, "all injuries to the person by maiming, wounding, beating, and assaulting," whether malicious or in sudden passion, and whether with intent to kill or not.

We are of opinion that a conviction for an unlawful attempt to shoot at another, assuming it to be a punishable offense, may be sustained under this indictment for shooting at another without inflicting a wound. But as the offense of attempting to shoot another, without actually shooting or firing at all, is not described nor punished by the statute above cited, nor by any other which we have seen or been referred to, it seems to be supposed that it is not an offense at all under our laws, or at least that it is not punishable under this indictment. It is, however, an offense by the common law, and there being no statute of this State applying to it, the common law, which, as to this offense, is still in force, makes it punishable, at the discretion of a jury, by fine or imprisonment, or by fine and imprisonment.

The court, in its instructions, seems to have had reference both to the statutory penalty for shooting at another, &c., and the common law penalty for the minor offense of attempt-

ing to shoot at another, and told the jury (if they found the defendant guilty of unlawfully attempting, &c.) they should say how much he shall be fined—not exceeding $500—or how long he shall be imprisoned—not exceeding twelve months —or how much and how long he shall be both fined and imprisoned.

As the statute, in fixing the punishment for the offense of actually shooting at another, limits the discretion to $500 for ·the fine, and twelve months for the imprisonment of the defendant, it seems to be proper that the punishment for the minor offense, though not limited by statute, should not exceed that which the statute prescribes for the greater. The instruction, except in limiting the discretion of the jury as to the amount of the fine and the duration of the imprisonment, conforms to the rule of the common law; and we think, that, in prescribing the limit for the punishment in this case, the court paid no more than a due respect to the statute.

But if the court erred in prescribing this limit, it was an error not prejudicial, but favorable to the defendant, and furnishes no ground for reversal on his appeal. In other respects the instructions given were as favorable to the defendant as he could reasonably have asked; and, as no instructions were, in fact, asked on his part, no discovery of evidence alleged, and no exception taken to evidence, and, so far as we can see, no ground for any, there was no error in overruling the motion for a new trial, or in rendering a judgment in accordance with the verdict; wherefore, the judgment is *affirmed.*