CASE 3—INDICTMENT—DECEMBER 15.

# Commonwealth vs. Blackburn, &c.

APPEAL FROM THE WARREN EQUITY AND CRIMINAL COURT.

1. See the opinion for the facts stated in the indictment.

2. The indictment charges a conspiracy to commit a felony, which was consummated by the actual commission of treason against the State; and the conspiracy being a mere misdemeanor, is merged in the higher crime of treason. (5 *Mass. Rep.*, 108.)

3. A conspiracy to commit a misdemeanor may not merge in the misdemeanor when committed.

G. C. ROGERS, for appellant, cited *Constitution of Kentucky, art.* 8, sec. 2; *Criminal Code, sec.* 123.

JOHN M. HARLAN, Attorney General, for Commonwealth.

W. B. JONES, for Commonwealth, cited *Criminal Code, secs.* 230, 261; *Wharton's Am. Criminal Law, pp.* 671–2.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The indictment charges the defendants with a malicious conspiracy committed by conspiring "with each other, and with others whose names are unknown, to aid and assist an army of the so-called Confederate States of America, and composed of persons unlawfully in arms and rebellion against the constitution and government of the Commonwealth to overthrow and destroy said constitution and government. The said conspirators aiding and assisting said army by furnishing

to the soldiers and others composing the same, horses, provisions, and other property and articles, to support, sustain, and assist said army in the treason in which they were engaged; traveling with and piloting said army from one place to another, and in unlawfully requiring loyal citizens peremptorily to bring to the aid and assistance of said army, horses, wagons, forage, and provisions; said requirings being backed and supported by the presence in the neighborhood of said army, thus intimidating and coercing said loyal citizens into compliance, though against their will, with said requirements."

A demurrer was sustained to this indictment, from which an appeal is prosecuted.

"Treason against the Commonwealth shall consist only in levying war against it, or in adhering to its enemies, giving them aid and comfort" *Sec.* 2, *article* 8, *new Constitution.* The averments in this indictment clearly set out a conspiracy to commit a felony, which was consummated by the actual commission of treason against the State.

A conspiracy to commit a mere misdemeanor may not merge in the commission of the misdemeanor; but as a conspiracy, even to commit a felony, is but a misdemeanor, if it should be consummated by the commission of the felony, it would merge in the higher crime. *Commonwealth vs. Kingsbury,* 5 *Mass. Rep.,* 108, is a direct authority on this point.

The court did not err in sustaining the demurrer; wherefore, the judgment of the court below is affirmed.