CASE 31—INDICTMENT—OCTOBER 22.

## Commonwealth v. Ward, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. A CRIMINAL CONSPIRACY is a corrupt combination of two or more persons by concerted action to do an unlawful act, or a lawful act by unlawful means; or an act which would tend to prejudice the general public. Overt acts are not necessary to the consummation of the offense, and if such acts are charged they are to be regarded merely as matters in aggravation.

2. INDICTMENT FOR CONSPIRACY.—Under the American common-law rule, as well as under our Code of Practice, it is essential to a good indictment for a criminal conspiracy that the offense should be set forth with such clearness as to enable the court to say upon an inspection of the indictment whether, if the conspiracy were carried out, the defendant would be guilty of an offense. The particular means by which the object of the conspiracy is to be effected must be stated.

An indictment against appellees for conspiracy to defraud the city of Louisville, which alleges that they combined and conspired through a contract with the city to cheat, defraud and obtain of its money $50,000, by making certain false representations, which are set out, is defective in that it does not allege through or with whom the alleged fraud was to be committed, the city having no power to act except through its proper agency.

Commonwealth v. Ward, &c.

3. An Indictment must, state the acts constituting the offense: in ordinary and concise language, and so as to enable, one of common understanding to know what is intended.

FRANK PARSONS, Commonwealth's Attorney, and W. J. HENDRICK, Attorney General, for appellant.

The indictment is good. The means by which the conspiracy was to be carried out are sufficiently set forth. (U. S. v. Warner, 17 Fed. Rep., 145; Owen v. Steely, 16 Lea. Tenn., 1; Spies v. People, 122 Ill.; State v. Rindskoff, 6 Bris. C. C., 259; Rex v. Gill, 2 Barn. & Ald., 204; Evans v. People, 90 Ill., 384; Miln v. State, 58 Ala., 390; Reg. v. Barry, 4 Fost & F., 389; Commonwealth v. Judd, 2 Mass., 329; State v. Ricky, 9 N. J. L., 293; U. S. v. Babcock, 3 Cent. L. J., 194; U. S. v. Donan, 11 Blatchf. C. C., 168; State v. [Geidden, 35 Conn., 46; State v. Wilson, 30 Conn., 507; Commonwealth v. Gillespie, 7 Serg. & R., 469; Alderson v. People, 4 Mich., 414; State v. Ripley, 31 Me., 386; Isaacs v. State, 48 Miss., 234; Rex v. Ferguson, 2 Stark M. P., 489; People v. Fisher, 14 Wend., 9; State v. Donalson, 32 N. J. L., 151; State v. Noyes, 25 Vt., 415; State v. Bunham, 15 N. H., 396; Rex· v. Eccles, 1 Beach, 274; Rex v. Edwards, 1 Strange, 707; Rex v. Gill, 2 Barn. & Ald., 204; U. S. v. Mattox, 17 Fed. Rep., 145; People v. Yeiger, 49 Cal., 643; Commonwealth v. Hunt, 45 Mass., 111; State v. Sterling, 34 Iowa, 443; Heines v. Commonwealth, 91 Pa. St., 148.)

F. HAGAN, KOHN, BAIRD & SPECKERT for appellees.

1. The indictment must be direct and certain, and state the acts constituting the offense in concise and clear language. (Crim. Code, secs. 122, 123 and 124; 9 Bush, 180; 3 Met., 233.)

2. If the intention is to charge a conspiracy to obtain money by false pretenses the indictment falls short of any charge of "acts and circumstances" that make up the offense. (13 Bush, 285; 3 Met., 223; 4 Bush, 151; 82 Ind., 221; Whart., secs. 2126–2128; 4 Barb., 151; 2. Russell, 311; 82 N. Y., 238; 41 Texas, 65; 28 Grat., 912; 44 Texas, 442; 11 Cox, 258; 76 Mo., 180; 50 Ind., 473; 13 Bush, 285; 3 Met., 233; 36 Miss., 179; 2 Bellew, 402.)

3. Indictment for conspiracy must set forth the facts constituting the conspiracy, the means proposed to be used to accomplish the offense, and must show a conspiracy to cheat and defraud in a mode criminal by statute or a common law crime. (5 Dill., 58; 7 C. & P., 448; 2 Cox, C. C., 69; 1 Man. & R., 402; 4 C. & P., 592; 1 Ad. & E., 327; 5 Ad. & E., 49; 92 U. S., 542; 7 Barb., 391; 40 Vt., 115; 43 N. H., 83; 34 Me., 320; 4 Mich., 414; 4 Met. (Mass)., 111; 9 Cowen, 586.)

4. If the indictment charges anything it charges a consummate felony, into which the conspiracy is merged, and the Commonwealth must prosecute for the felony and not the conspiracy. (Crim. Code, secs.

169–170; 1 Duval, 5, 7 Richard, S. C., 283; 4 Blackf, 72; 10 Mich., 241; 9 Cowen, 578; 47 Ark., 573; 5 Miss., 106; 6 Mod., 77.)

THOMAS F. HARGIS on same side.

The facts attempted to be alleged in the indictment do not constitute the offense of conspiracy to cheat, nor any other public offense known to the laws of Kentucky. (Crim. Code, sec. 122; Commonwealth v. Grady, 13 Bush, 285.)

Completed acts merge contemplated or executory acts or offenses. (1 Duv., 5.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellees were indicted for " conspiring to defraud a municipal corporation, viz.: the city of Louisville."

The lower court sustained a demurrer to the indictment, and dismissed it. Its sufficiency is the only question upon this appeal by the Commonwealth. Its language is so prolix as to be confusing; and it is at least difficult for even a mind trained in such matters to understand it after repeated reading, if indeed it be possible to do so. It appears to us when stripped of its verbiage to charge that the appellees, unlawfully and fraudulently contriving to defraud the city, combined and conspired through a contract with the city to cheat, defraud and obtain of its money fifty thousand dollars, by representing to the city that they or some of them were delivering and had delivered to it a large quantity of granite worth more than fifty-three thousand dollars; that they would continue to deliver the remaining quantity *per* the contract, when, in fact, they were delivering less than they represented, and were conspiring to continue such false deliveries with the intent to thereby obtain from the city a large sum of money. It is not clear that the indictment charges all this, but we prefer to state it in its strongest light.

Commonwealth v. Ward, &c.

A criminal conspiracy is a corrupt combination of two or more persons by concerted action to do an unlawful act, or an act not unlawful by unlawful means; or an act which would tend to prejudice the general public. Overt acts are not necessary to the consummation of the offense. The conspiracy and its consummation are distinct offenses, and if overt acts be charged, as seems to be the case in this indictment, they are to be regarded merely as matters in aggravation, and not necessary to the consummation of the crime. It was the former English rule, if indeed it be not yet in force, that it was sufficient to aver the offense in general terms. (Rex v. Gill, 2 Barn. & Ald., 204.)

It has been followed by some of the courts in this country, but we do not regard it as the proper or prevailing American common law rule. (United States v. Walsh, 5 Dill., 58; Commonwealth v. Shedd, &c., 7 Cushing, 514; March v. The People, 7 Barb., 391; Lambert v. The People, 9 Cowen, 578.)

Indeed it was seen in England that it did not sufficiently protect personal liberty; that it was not only faulty in failing to properly guard what the common law has always highly regarded, but that often it was impossible for the court to tell whether if the conspiracy were consummated by overt acts, the party would be guilty of a crime. To remedy this trouble, therefore, it became the English practice, in cases where the indictment was general, to require the prosecutor to furnish a bill of particulars, which, as seems to us, was a confession that the indictment in itself was insufficient. Some of the modern English cases have regretted that such a rule was ever adopted, while others have flatly rejected it. If the

offense be stated in generic terms, it is not sufficient to charge it in like terms, but the indictment must descend to particulars. The offense must be set forth with such clearness and certainty as to apprise the accused of the crime charged to him, and to enable the court to say, upon an inspection of the indictment, whether, if the conspiracy were carried out, he would be guilty of an offense. Every ingredient composing it must be charged.

The object of the indictment is to furnish the accused with such a description of the offense charged to him as will enable him to make his defense, and to avail himself of the result as a bar to another prosecution for the same cause; and also, as the mere charge would not, *ex vi termini*, import a criminal object, to inform the court of the facts alleged, so that it may determine whether they will support a conviction, if one result. (United States v. Cruikshank, &c., 92 U. S., 542.)

But aside from what we regard as the American rule, section 124 of our Criminal Code provides, that an indictment must be direct and certain as to "the particular circumstances of the offense charged, if they be necessary to constitute a complete offense;" and section 122 says, the indictment must contain "a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and with such a degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case." This indictment by no means states the acts constituting the offense "in ordinary and concise language," and it is certainly not so done as to enable one of "common understanding to know what is intended."

But in addition to this it does not aver the means or way by which the fraud was to be committed; and this was necessary in our opinion, under the prevailing common law rule of this country, and certainly under our Criminal Code of Practice. The city could act only through its proper agency, and the indictment fails to show through or with whom the alleged fraud was to be committed. A case might arise where it would be questionable whether the means intended to be employed were unlawful—they might not be so necessarily—and, therefore, a particular statement of them would be necessary to enable the court to determine, from the face of the indictment, whether, if the alleged conspiracy were consummated, an offense would be committed.

It is important, therefore, to both the accused, and a proper action of the court, that the particular means by which the object of the conspiracy is to be effected shall be stated. It is said it was to be done through the city council, but how is not stated. It is lacking in that certainty and particularity which is necessary to the proper administration of criminal law.

In our opinion the indictment was defective at common law, and certainly so under the provisions of our Criminal Code.

The judgment is affirmed.