CASE 26—INDICTMENT—OCTOBER 16.

# Brooks v. Commonwealth.

APPEAL FROM BOONE CIRCUIT COURT.

AN INDICTMENT MUST BE DIRECT AND CERTAIN as regards the offense charged. It is not sufficient to state the particular circumstances of the offense.

　　An indictment accusing the defendant "of the offense of suffering and permitting—on his premises, committed as follows," etc., is not good, as it does not name any offense.

HARVEY MYERS FOR APPELLANT.

In support of his demurrer to the indictment appellant cites Commonwealth v. Tupman, decided by this court, April 25, 1895, 30 S. W. Rep., 661.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

The court properly instructed the jury, and their finding upon the facts can not be disturbed.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

　　Section 124, Criminal Code, requires an indictment to be direct and certain as regards, first, the party charged; second, the offense charged; third, the county charged; fourth, the particular circumstances of the offense charged, if they be necessary to constitute a complete offense.

　　The indictment in this case, or so much as is necessary to quote, is as follows:　"The grand jury of Boone county, in the name and by the authority of the Commonwealth of Kentucky, accuse Lee H. Brooks of the offense of suffering and permitting————on his premises, committed as follows;" etc.

　　The particular circumstances of the offense of suffering

and permitting gaming upon the premises of defendant are with sufficient certainty and directness stated in the indictment; but that does not supersede or dispense with the other requirement, equally imperative, that the indictment shall be direct and certain as to the offense charged. No offense at all is here charged, and not to hold the indictment defective on that account would be to disregard a plain and indispensable requisite.

For the error in overruling the demurrer to the indictment the judgment must be reversed and cause remanded for that to be done.