# DECISIONS

# Court of Appeals of Kentucky.

## SEPTEMBER TERM, 1902.

CASE 99—INDICTMENT AGAINST G. W. WAIT AND R. G. HAIL FOR
CONSPIRACY TO DEFRAUD.—SEPTEMBER 18.

## Wait &c. v. Commonwealth

APPEAL FROM PULASKI CIRCUIT COURT.

DEFENDANTS CONVICTED AND APPEAL.  AFFIRMED.

CRIMINAL LAW—CONSPIRACY TO DEFRAUD—MERGER OF MISDEMEANOR
IN FELONY—CONVICTION OF LOWER DEGREE OF OFFENSE—INSTRUC-
TIONS TO JURY—EVIDENCE.

Held:  1. Under Cr. Code Prac. sections 262-265, relating to offenses
of different degrees, and providing, among other things, that "if
the proof show the defendant to be guilty of a higher degree
of the offense than is charged in the indictment, the jury shall
find him guilty of the degree charged in the indictment," de-
fendant was properly convicted of the offense of conspiracy to
defraud under an indictment charging that offense, though the
offense thus charged is a misdemeanor, and the facts alleged
showed that the acts done pursuant to the conspiracy amounted
to a felony.
2. The general statement in the instruction to the jury that a con-
spiracy may be proved by testimony that it was actually entered
into, or may be "inferred" by the jury from the facts and cir-
cumstances in evidence, was not prejudicial to defendant, as
the jury was, in effect, directed by the subsequent part of the
instruction that it must believe beyond a reasonable doubt,
from the facts and circumstances in evidence, that a conspir-
acy existed.
3. As defendants undertook, for a stipulated sum, to run the bank

(821)

they were charged with conspiring to defraud, and to keep the books, testimony as to entries in the individual ledger kept by clerks under their control was admissible to show their fraudulent intent.

DENTON & ROBINSON AND SMITH & MORROW, ATTORNEYS FOR APPELLANTS.

The appellants, George W. Wait and R. G. Hail, were indicted jointly with L. E. Hunt and Cy. Wait for a criminal conspiracy to defraud the Somerset Banking Co., and the public generally. A trial resulted in their conviction and their punishment was fixed at a fine of $1,000 each, and from that judgment an appeal is prosecuted by G. W. Wait and R. G. Hail.

We contend that the court erred:

1. In refusing to instruct the jury to find appellants not guilty, and in refusing to sustain a motion in arrest of judgment.

2. The court erred in the instructions given to the jury.

3. The court erred in admitting incompetent evidence to the jury, to the prejudice of the appellants.

We claim that if any conspiracy was formed it was to commit a felony, and the offense charged in the indictment is merged in the higher crime.

The law on this proposition is, that a conspiracy being a mere misdemeanor, that when its object is only a misdemeanor, it can not be merged, but when a conspiracy is to commit a higher crime, as a felony, it is merged.

The act can not be both a felony and a misdemeanor. The indictment names the offense as a conspiracy, while the allegations therein, charge the offense of embezzlement, which is a felony under the statute. We claim that it is well settled that where the same act or crime is within the definition of a misdemeanor and also of a felony, that the lower grade of offense merges in the higher and as a necessary consequence of this rule the act could only be punished as a felony.

The court, in its instruction defining a conspiracy uses this language: "A conspiracy is a confederation, the agreement of two or more persons with each other to prejudice another in his property or defraud him of the same." This omits as we conceive the vital principle necessary to a criminal conspiracy, to charge that it must be *corrupt*. The court also instructed the jury that a conspiracy may be proven by testimony that it was actually committed, or it may be *inferred* by the jury from the facts and circumstances in evidence. We know of no law which authorizes the court to tell the jury that a conspiracy or any other crime may be inferred.

### AUTHORITIES CITED.

A. & Eng. Ency. of Law, vol. 4, 591; 1 Duval, 4; Com. v. Kingsbury, 5 Mass., 196; Elsey v. State, 47 Ark., 572; 4 A. & E. Ency. of Law, 587; Com. v. Ridgway, 2 Pshin (Pa.) 217; March v. People, 7 Barb., N. Y., 391; State v. Buchannan, 5 Har. & J., (Md) 317; Horseman v. Reg., 16 Up. Can., Q. B., 543; State v. Bickey, N. J. L., 5 Halst, 283; Rex v. Sward, 1 Ad. & E., 706; Rex v. Richardson, 1 Moody & R., 402; Reg. v. Kinrick, 5 Q. B., 49; Sparks v. Com., 89 Ky., 644; Com. v. Ward, 92 Ky., 458; Barnett v. Com., 8 Rep., 449; Cr. Code, 225; Kentucky Statutes, 1202, 1138; Patterson v. Com., 99 Ky., 619; Bishop Cr. Law (8 ed.) vol. 1, secs., 787-794-804; Com. v. Blackburn, 1 Duval, 5; Torrey v. Fields, 10 Vt., 355; Farris v. Com., 14 Bush, 365; Trimble v. Com., 78 Ky., 176.

J. N. SHARP, ATTORNEY FOR APPELLEE.

### POINTS DISCUSSED AND CITATIONS.

1. A conspiracy is not merged in the misdemeanor or felony, when the crime is committed. Secs. 804, 812, 791, 792, Bishop's Criminal Law; Secs. 262, 265, 263, 232, 258 of the Criminal Code of Kentucky; 14 Bush, 601 Buckner v. Commonwealth; 78 Kentucky, 258; Commonwealth v. Bright, 57 Conneticut, 461; State v. Setter; Reg v. Neale, 1, C. K., 591; Reg. v. Button, 11 Q. B., 929; 26 Miss., 174 Laura v. State; sec. 464, Wharton Crim. Plead and Prac.; Johnson v. State, Cuch. N. J., 213.

2. The king may proceed against the offender, as he sees fit, either as a trespasser or a felon.

The prisoner can not complain, because it is to his advantage to be prosecuted for the lighter matter, rather than for the heavier. 14 Bush, 601, Buckner v. Commonwealth; 78 Kentucky, 238; Commonwealth v. Bright.

3. The case of Blackburn v. Commonwealth, 1st Duval, is by implication overruled by the case of Buckner v. Commonwealth, and the Commonwealth v. Bright, supra.

4. Does a criminal who has been guilty of a complete misdemeanor and also of a felony, comprising a misdemeanor, set up his felony as a bar to the prosecution of a misdemeanor?

Does the defendant have any right to demand an acquittal, for the manifest minor offense, upon the pretext, that he has the right to elect himself to be prosecuted for the greater crime? There appears no reason why the person should be allowed to defeat the charge of the lesser offense, by alleging his own guilt, in respect to the greater offense.

5. Admitting the doctrine of merger, it does not apply in this case. It can only apply when the object of the conspiracy is fully executed. The offense of conspiring, to defraud the Somerset Banking Company and the public generally, consists of a series of acts, and because one of these series is a felony, the whole broad crime and charge of conspiracy, consisting of numerous and divers acts, do not merge into the one.

6. We have shown a conspiracy to defraud, not only, by circumstantial evidence, but by direct, positive written evidence, and in pursuance of that conspiracy they defraud the bank of $40,800.

7. The instructions given by the court, give the whole law of the case.

OPINION OF THE COURT BY JUDGE DURELLE—AFFIRMING.

The appellants, G. W. Wait and R. G. Hail, were indicted jointly with Cy Wait and L. E. Hunt for conspiracy to defraud the Somerset Banking Company and others and the public generally.

The principal ground urged for reversal of the judgment of conviction is that the indictment not only charges the conspiracy to defraud, and sets out the method by which it was to be accomplished, but also sets out overt acts in furtherance of the object of the conspiracy, and that the facts thus alleged show the object of the conspiracy to have been the embezzlement of more than $40,000 from the banking company, of which appellants were president and cashier, and that this object was fully accomplished. It is therefore claimed that as conspiracy is a misdemeanor and embezzlement a felony, and as the facts constituting the felony have not only been alleged in the indictment, but proved, there can be no conviction for the misdemeanor, because it is merged in the felony. The principal authority in support of this contention is the case of Com. v. Blackburn, 1 Duv., 4, in which this exact contention was made and sustained in an opinion by Judge Williams, holding that an indict-

ment charging a conspiracy to commit treason, and alleging overt acts which showed the conspiracy was consummated by the commission of the felony, was bad on demurrer. That opinion, rendered in 1863, in a case growing out of the events of the Civil War, merely states the rule to be that if a conspiracy "should be consummated by the commission of the felony, it would merge in the higher crime;" and relies solely upon the case of Com. v. Kingsbury, 5 Mass., 108. The Massachusetts case, which was a case of indictment for conspiracy to commit larceny, which shows a felony was committed, refers to no authority. It seems to be, however, the leading case in the United States in support of this doctrine, except where, as in Arkansas, the question is settled by statute. Elsey v. State, 17 Ark., 572, 2 S. W., 337. The doctrine as laid down in the Blackburn and Kingsbury cases proceeds upon the theory that the act of conspiracy is the same act as that by which the conspiracy is consummated; to which doubtful theory is applied the common-law doctrine that the same act can not be both felony and misdemeanor, and that where a misdemeanor was raised to the grade of felony it became more heavily punishable, and thereby ceased to be a misdemeanor. At the common law, a person under indictment for a mere misdemeanor had the privilege of full defense by counsel, the right to a copy of the indictment, and a special jury, not permitted in felony; and this difference in procedure, together with the distinction in the punishments, and the real or supposed difference in the enormity of the offenses, constituted the reason for the rule. 1 Bish. New Cr. Law, sections 804, 805. The distinction between felony and misdemeanor having been largely abrogated by statutory provisions in the various States, it has been held in some States that, as the reason failed, the law ceased to operate. But without reference

to statutory provisions, the better doctrine and the weight of authority and reason seem to be against the application of the rule in cases of conspiracy. Says Mr. Bishop (1 New Cr Law, section 792): "Where the indictment is for a conspiracy to commit an offense, and the proofs establish that the conspirators actually committed it; or for manslaughter, and murder is shown; or for larceny, and it was perpetrated in the course of a burglary or a robbery, . . . in these and the like cases the defendant may be convicted of what is charged against him, if, like what is not charged, it is sustained by the evidence." And, although the same criminal thing which is a felony can not also be a misdemeanor, "yet, if to what constitutes a misdemeanor something is added, the combination may be a felony; in which case, according to Hawkins, if the indictment is for misdemeanor, and the added act which makes the felony appears at the trial, opinions are divided as to whether or not there can be a conviction for the misdemeanor. His decision is that there can be, and there is great weight in the reason, namely, 'because the king may proceed against the offender as he sees fit, either as a trespasser or a felon.' This, therefore, may be deemed the better doctrine." 1 Bish. New Cr. Law, section 812. Mr. Bishop, in this section, deplores the American cases which follow the Kingsbury case, and quotes approvingly from Lord Denham in Reg. v. Dutton, 11 Q. B., 929: "The felony may be pretended to extinguish the misdemeanor, and then may be shown to be but a false pretense; and entire immunity has sometimes been obtained by varying the description of the offense, according to the prisoner's interest. He has been liberated on both charges, solely because he was guilty upon both." And in direct reference to the Kingsbury case, and the cases following, including the Blackburn case, Mr. Bishop says: "A

conspiracy to commit a felony is a step toward the consummation, but it is only misdemeanor. There are American cases which seem to hold that if parties on trial for such a conspiracy are shown to have proceeded in it to the accomplished felony, the misdemeanor is merged, and they can not be convicted—a rule, the authorities agree, not applicable where the object of the conspiracy is a misdemeanor. This doctrine, the reader perceives, is contrary to just principles. It has been rejected in England, and, though there may be States in which it is binding on the courts, it is not to be deemed general American law." Again, in section 815, sub-section 3: "The general principle, both of natural justice and of law, permits the prosecuting power to bring an offender to trial for so much of his offending as it pleases. And if its pleasure is to overlook a felony, even though it was the instrument by which a misdemeanor was accomplished, the clemency, according to the ordinary course of legal things, and, it would appear, according also to the dictates of the mere uneducated reason, is not a wrong to its recipient whereof he can complain. Though the opposite doctrine is not altogether without support in reason, it is believed that the foundation of reason for this one is, on the whole, the broader and firmer." See, also, Com. v. Dean, 109 Mass., 349, which seems in principle to conflict with the Kingsbury case; State v. Setter, 57 Conn., 467, 18 Atl., 782, 14 Am. St. Rep., 121, approving the doctrine laid down in Reg. v. Button, supra, and Reg. v. Neale, 1 Denison, Cr. Cas., 37. Curiously enough, in the Blackburn case, no reference is made to the statutory provisions as to offenses of differing degree (Cr. Code Prac., sections 262-265), which are considered in Usher v. Com., 2 Duv., 394, in the opinion by Chief Justice Marshall. The omission is the more striking because in the Blackburn case the conspiracy seems

to be treated as a step in the commission of the felony. Section 264 provides: "If an offense be charged in an indictment to have been committed with particular circumstances as to time, place, person, property, value, motive, or intention, the offense without the circumstances, or with part only, is included in the offense, although that charged may be a felony, and the offense, without circumstances, a misdemeanor only." Section 265 provides: "If the proof show the defendant to be guilty of a higher degree of the offense than is charged in the indictment, the jury shall find him guilty of the degree charged in the indictment." Under section 262, et seq., it has been held that under an indictment for the felony of striking with a deadly weapon with intent to kill, conviction could be had for assault and battery. Com. v. Duncan, 91 Ky., 592 (13 R., 162) (16 S. W., 530). And in Com. v. Bright, 78 Ky., 238, a conviction of breach of the peace was held a bar to an indictment for the felony of maliciously striking and wounding with a deadly weapon. Said the court in the opinion by Judge Hargis: "It is urged that the charge contained in the indictment constitutes a felony, and that the breach of the peace is merged in it. It may be admitted that the indictment charges a felony, but there is no merger, because the law is 'thus written' in the sections of the Code quoted." The opinion in the Bright case, directly construing the Code provisions, is in conflict with the decision in the Blackburn case, in which those provisions were not considered, and must be considered to overrule the earlier case. In the present case the appellants can not be heard to complain that they were convicted of a misdemeanor only, and deprived of a trial for a felony.

The other questions raised on this appeal may be briefly disposed of. The principal objection is to the instruction

given by the court.   The instruction given seems to us to
cover the ground attempted to be covered by the instruc-
tions offered on behalf of the defense, and, taken as a whole,
to do so correctly.   It begins with the definition of a con-
spiracy, and a statement in general terms of the elements
of fraud.   It then proceeds to state what is necessary to
be believed by the jury in order to convict the defendants
on trial.   To this part of the instruction no objections seem
to be made.   In the general statement or preamble it is
stated that "a conspiracy may be proved by testimony that
it was actually entered into, or it may be inferred by the
jury from the facts and circumstances in evidence;" and
the use of the word "inferred" is objected to.   But the in-
structions proceeds: "Provided, in either state of case,
that the jury believe beyond a reasonable doubt that it
existed."   This, in effect, was a direction to the jury that
they must believe beyond a reasonable doubt, from direct
testimony, that a conspiracy was actually entered into,
or from the facts and circumstances in evidence that a
conspiracy existed.   And in the second part of the instruc-
tion they are again required to "believe from the evidence
beyond a reasonable doubt that in Pulaski county, within
twelve months before the finding of the indictment, the de-
fendants,   .   .   .   or any two or more of them, conspired
or agreed with each other to prejudice and defraud the
Somerset Banking Company of its money," etc.   Whether
the statement in the preamble was necessary or not, we are
unable to see how it could have prejudiced the defense.

The testimony as to the entries in the individual ledger
was properly admitted, in view of the contract shown by
which these two defendants, for a stipulated sum, under-
took to run the bank and keep the books.   That book was
under their control, kept by clerks who were under their

control. The manner in which they had it kept was admissible as evidence, in connection with the other circumstances shown in the case, tending to show their guilty knowledge and fraudulent intent.

For the reasons given, the judgment is affirmed.

Petition for rehearing by appellants overruled.

---

CASE 100—ACTION OF LOLA ALDERSON'S GUARDIAN AGAINST J. W. ALDERSON TO ENFORCE A JUDGMENT, CONSOLIDATED WITH AN ACTION BY JOHN W. ALDERSON AGAINST ROSA ALDERSON FOR DIVORCE. SEPTEMBER 18.