## Newsom v. Commonwealth.

(Decided December 1, 1911.)

### Appeal from Graves Circuit Court.

1. Criminal Law—Carnal Intercourse With Female Under Sixteen Years—Evidence of Other Acts—Practice.—Under an indictment for having carnal intercourse with female under sixteen years, the Commonwealth may introduce evidence of several acts of intercourse, but should be required to elect before the trial begins which one of the acts it will rely on to secure a conviction, and evidence of the other acts is only admissible in corroboration.

2. Same—Duty of Court to Admonish Jury as to Effect of Other Acts.—When evidence is introduced that the accused has committed the crime on more than one occasion before the finding of the indictment, the court should at the time admonish the jury thay they cannot convict the accused for the commission of these corroborating acts, and that the evidence relating to them is only admitted for the purpose of corroborating the evidence to show the defendant guilty of the crime the Commonwealth has elected to try him for.

3. Same—Instructions.—The court should also in the instructions confine the consideration of the guilt or innocence of the accused

to the act selected by the Commonwealth, by pointing out that they must believe that he committed this act before they can find him guilty.

ROBBINS & THOMASSON, R. G. ROBBINS, W. S. FOY for appellant.

JAMES BREATHITT, Attorney General, CHAS. H. MORRIS, TOM B. McGREGOR, Assistant Attorney General, R. L. SMITH, Commonwealth's Attorney and M. B. HOLIFIELD, County Attorney for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant was indicted for unlawfully carnally knowing Ida Rule, an infant female under the age of sixteen years. The indictment was returned at the March term of the Graves Circuit Court in 1911, and charged in the usual form that the appellant in the county of Graves, in March, 1911, and before the finding of the indictment, did unlawfully and carnally know Ida Rule, a female under the age of sixteen years. In June, 1911, he was tried under this indictment, found guilty, and sentenced to a term of eleven years in the State penitentiary. A reversal of the judgment is asked for alleged error of the trial court in respect to the instructions and the evidence.

On the trial, two witnesses testified that appellant had carnal intercourse with Ida Rule, who it is conceded was under sixteen years of age, in February or March, 1910. Other witnesses testified that he had carnal intercourse with her in July and September, 1910.

The court overruled motions made by counsel for the appellant to require the attorney for the Commonwealth to elect which one of the crimes shown by the evidence he would rely on to secure a conviction; and also failed to admonish the jury as to the effect of the evidence introduced to show more than one act of carnal intercourse. The court instructed the jury that if they believed beyond a reasonable doubt that in Graves County, before the finding of the indictment, the appellant unlawfully and carnally knew Ida Rule, a female under the age of sixteen years, they should find him guilty as charged in the indictment and fix his punishment at confinement in the State penitentiary for a period of time not less than ten nor more than twenty years. The court also gave the usual instruction upon the subject of reasonable doubt.

Under the indictment, the Commonwealth had the right to show the commission of the offense at any time prior to the finding of the indictment, and it was not confined to the date of its commission as stated in the indictment. But the question raised by counsel for the appellant is that the court should have confined the Commonwealth to evidence of one unlawful act, and not have permitted evidence of several similar unlawful acts. In cases like this, where there is evidence that the accused has committed the crime on more than one occasion before the finding of the indictment, the Commonwealth should be required to elect before the trial is begun which one of the several acts committed it will rely on to secure a conviction. But, when it has thus elected, evidence of other similar offenses committed by the accused before or after the date of the commission of the act that will be relied on, is admissible, but only as corroborative testimony. And when evidence of other acts than the one relied on by the Commonwealth is introduced, the court should at the time admonish the jury that they can not convict the accused for the commission of these corroborative acts, and that the evidence relating to them is only admitted for the purpose of corroborating the evidence in behalf of the Commonwealth introduced to show the defendant guilty of the crime the Commonwealth has elected to try him for. In the instructions given to the jury at the conclusion of the evidence, the court should also confine their consideration of the guilt or innocence of the accused to the act selected by the Commonwealth by pointing out that they must believe beyond a reasonable doubt that he committed this act before they can find him guilty.

A defendant in a case like this has the right to be advised before the trial is begun of the particular act that the Commonwealth will depend on to secure his conviction, and he should not be tried for several acts, each in itself a separate and distinct offense. When, however, the Commonwealth has selected a particular act that it will go to trial on, it may then as corroborative of this act show other similar acts within a reasonable time before or after the main transaction. This view of the law is so fully set forth in Smith v. Commonwealth. 109 Ky., 685; as well as in People v. Flarity, 162 N. Y., 532, 57 N. E., 73, that it does not seem necessary to do more than refer to these cases. For the error of the trial court in not requiring the Commonwealth to elect, and in refus-

ing to admonish. the jury as indicated, and in failing in the instructions to confine the jury to the act selected by the Commonwealth, the judgment must be reversed.

The question presented by counsel in respect to the indeterminate sentence law, will not arise on another trial, as the court in the instruction upon this subject will be controlled by the date of the crime selected by the Commonwealth to go to trial on.

Wherefore, the judgment is reversed, with directions for a new trial in conformity with this opinion.