## Elliott v. Commonwealth.

(Decided April 25, 1922.)

## Appeal from Graves Circuit Court.

1.  Indictment and Information—Sufficiency of Accusation—Demurrer.
    —An indictment should be direct and certain as to the offense
    charged, and if an act is charged, which is not an offense, the in-
    dictment is bad on demurrer.
2.  Indictment and Information—Certainty of Accusative Part.—In
    the accusatory part of the indictment the public offense of which
    the defendant is accused should be set out with certainty and then
    in the descriptive portion, the particular facts should be stated,
    which constitute the offense, and which if proven, will show the
    offense charged to have been committed.
3.  Indictment and Information—Indictment Should Follow Statute.
    —If the offense for which one is indicted has been created by stat-
    ute, which does not name the offense, but merely describes it, the
    indictment should in naming the offense, follow the statute.
4.  Intoxicating Liquors—Sale of Jamaica Ginger.—Selling Jamaica
    ginger, with the knowledge that the purchaser is going to use it
    for beverage purposes, or under circumstances from which it can
    reasonably be deduced that the purchaser is intending to use it for
    beverage purposes, is a violation of section 5 of chapter 81, Ses-
    sion Acts, 1920.

B. C. SEAY and O. H. BOOKER for appellant.

CHAS. I. DAWSON, Attorney General, and THOMAS B. Mc-
GREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Re-
versing.

An attempt was made to indict the appellant, Clar-
ence Elliott, for a violation of the statute known as the
Prohibition Law, and which was enacted by the General
Assembly at its 1920 session, and is now chapter 81 of the
Session Acts of 1920. The offense which the appellant
was accused of committing was stated in the accusatory
part of the indictment to be the "offense of selling a
beverage and decoction to be used as a beverage." The
descriptive portion of the indictment charged that the
offense was committed by selling a "decoction and bev-
erage" which would produce intoxication, called Jamaica
ginger, to certain named parties, to be used as a beverage.
A demurrer to the indictment was overruled and a trial
followed which resulted in the conviction of the appel-

lant, and his punishment being fixed by the verdict, and judgment at a fine of $300.00 and imprisonment for sixty days in the county jail.

A motion for a new trial was overruled, and hence this appeal.

Several alleged errors of the court are relied upon in the motion for a new trial, but it does not appear to be worth while to consider any of them, except the contention that the demurrer to the indictment should have been sustained, and the court overruling the demurrer was in error.

The principles of common law relating to indictments required that to make a valid indictment the offense of which it was proposed to accuse the defendant, should be stated with certainty. This was necessary because the same act might be the subject of different offenses and with different punishments, but the exact offense with which one should be accused was a matter of election by the grand jury, or, in cases where informations would lie, of the public prosecutor. Hence to enable the one accused to know exactly what he was called upon to defend, and the court be enabled to impose the proper punishment it was necessary to accuse one of a particular offense in the indictment. The same reason holds good to a more or less extent under Code proceedings. Following the common law the 124th section of the Criminal Code provides as follows:

"The indictment must be direct and certain as regards (1) the party charged; (2) the offense charged; (3) the county in which the offense was committed; (4) the particular circumstances of the offense charged, if they be necessary to constitute a complete offense."

Subsection 2 of section 122, Criminal Code, provides with regard to the statements of the acts constituting the offense as follows:

"A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case."

While the latter statute more particularly relates to the requirements of the descriptive portion of an indictment, but if it should be construed as, also, applying to the accusative part, it will be observed that it does not dispense with, but rather adds to the necessity of cer-

tainty as to the offense charged, required by subsection 2 of section 124, *supra.* The two statutes must of course be construed together. It was held by this court in Commonwealth v. Tobin, 140 Ky. 261, "An indictment must charge in its accusing part the public offense for which it is intended to present the accused, and in the descriptive part must state the facts which, if established by the proof, constitutes the offense charged." It has never been held in any case that certainty in stating the offense charged in an indictment would dispense with the necessary and required certainty in stating the particular circumstances of the offense charged; nor that certainty in stating the particular circumstances constituting the offense charged would dispense with the required certainty in stating the offense of which the defendant is accused. In Brooks v. Commonwealth, 98 Ky. 143, it was said:

"The particular circumstances of suffering and permitting gaming upon the premises of defendant are with sufficient certainty and directness stated in the indictment; but that does not supersede or dispense with the other requirements, equally imperative, that the indictment shall be direct and certain as to the offense charged. No offense is at all here charged, and not to hold the indictment defective on that account would be to disregard a plain and indispensable requisite."

The holding in Brooks v. Commonwealth, *supra,* is supported by the opinions in Commonwealth v. Tobin, *supra;* Bennett v. Commonwealth, 150 Ky. 604; Commonwealth v. Castleman, 8 K. L. R. 608, and Commonwealth v. Reynolds, 4 K. L. R. 623. To dispense with the necessity of requiring an indictment to be direct and certain as to the offense charged, and the necessity of naming an offense, would be to dispense with a requirement of the statute which is mandatory and to dispense with a necessity to orderly and safe procedure, in prosecutions for crimes and misdemeanors. From the foregoing statutes and decisions, it is gathered that it is an indispensable requisite of a valid indictment, that it shall state with certainty and directness the offense of which it accuses the defendant of committing, and if the offense has not a name, and is created by a statute, which does not give it a name, but merely describes it, the indictment should in naming the offense follow the statute. Commonwealth v. Slaughter, 12 K. L. R. 893. The indictment in the instant case accuses the appellant of "selling a beverage

and decoction to be used as a beverage." Unfortunately for the indictment, there is no such offense denounced by any statute or law, and hence the indictment was necessarily invalid, as a citizen may only be indicted and punished for an act, which is contrary to law; and there is no law, which punishes for the sale of a mere beverage, containing no intoxicating quality unless the sale is of an article for the sale of which a license is required, and the sale is made without such license. To accuse one of something which is not an offense is to present him by an indictment, which does not charge any offense. Hence, the demurrer to the indictment should have been sustained.

It was held in Commonwealth v. Mitchell, 106 Ky. 602, in construing an old statute, on account of the large quantity of alcohol, which is contained in "Jamaica ginger," it should be classed with and treated under that statute as a spirituous liquor, but, in the enactment of chapter 81, Session Acts, 1920, which superseded all other existing legislation for the prohibition of the sale of intoxicating liquors, the evident purpose of the legislature, was to make unlawful the sale of spirituous, vinous and malt liquors, and other intoxicating liquors designed and fit for use for beverage purposes, except for sacramental, medicinal, scientific or mechanical purposes. It was the clear purpose to prohibit the sale of such liquors for any purpose, except the four named purposes. It was, also, the design of such statute to permit the various articles, which are enumerated in section 5 of it, including medicinal preparations, extracts, etc., which contain intoxicating liquors, as an ingredient, but, which are unfit for beverage purposes, to be sold, except for beverage purposes. The articles enumerated in that section of the statute and which correspond to the descriptions and limitations there stated, are not designed or intended to be used for beverage purposes, but, are designed and intended for sacramental, medicinal, scientific and mechanical purposes. "Jamaica ginger" in the common acceptation of the term is an extract of ginger diluted in a large percentage of alcoholic liquor, and is a medical preparation and is of the articles which it is lawful to sell, for the purpose for which it is designed and unfit for beverage purposes, but will produce intoxication. Its sale for beverage purposes, by one, who knows the purpose, for which it is bought by the purchaser, or who sells it under circumstances from which the seller may reason-

ably deduce the intention of the purchaser to use it for beverage purposes is made unlawful by section 5, *supra*. While the statute does not provide, that it shall be unlawful to knowingly sell for beverage purposes only such of the articles embraced in subsections a, b, c and d of section 5, *supra*, which contain intoxicating liquors, and if the penalty of the statute, was attempted to be applied to the sale of an article, which does not contain such liquors as an ingredient, to an intoxicating degree, it would be doubtful if their provisions would be germane to the title of the act, but no such question could arise with reference to a sale of "Jamaica ginger," which contains such a percentage of spirituous liquor. The statute, which makes the sale of "Jamaica ginger" and other such like articles for beverage purposes an offense, merely describes the offense, without giving it a name, and hence an indictment for such a sale, should in the accusatory portion of the indictment charge against the defendant, the commission of an offense, consisting of the elements necessary under the statute to make such an offense, and then in the descriptive portion, should be set out the particular acts, which, constitute the offense, and if proven will show the defendant to be guilty of the offense charged, in the accusatory part of the indictment.

The judgment is therefore reversed, and the cause remanded, with directions to set aside the judgment, sustain the demurrer, and for other proper proceedings not inconsistent with this opinion.