## Forman v. Commonwealth.

(Decided September 29, 1922.)

## Appeal from Fleming Circuit Court.

1. Indictment and Information—Requisites and Sufficiency of—Accusation.—An indictment in its accusative part must charge the public offense for which it is intended to present the accused, and the descriptive part must state the facts which, if established by the proof, constitute the offense charged.

2. Intoxicating Liquors—Requisites and Sufficiency—Accusation.—The accusation that one violated "prohibition law" is not a sufficient charge to meet the requirements of the Criminal Code, which provide that the indictment must be direct and certain as regards the offense charged.

3. Intoxicating Liquors—Defective Indictment.—An indictment which, in lieu of the accusative part, contains the statements, "Commonwealth of Kentucky against Ernest Forman," etc., "of the offense or crime of violating prohibition law committed as follows, viz.," after which is the descriptive part of the offense, does not charge an offense within the meaning of section 122, subsection 2, and section 124 of the Criminal Code of Practice.

M. J. HENNESSEY for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

Ernest Forman was convicted in the Fleming circuit court and given a sentence of thirty days in jail and a fine of three hundred dollars under the following indictment:

"The Commonwealth of Kentucky against Ernest Forman, alias Ernest Crawford, G. H. Hitt and L. T. Thackson, of the offense or crime of violating prohibition law, committed as follows, viz.: 'The said Ernest Forman, alias Ernest Crawford, G. H. Hitt and L. T. Thackson on the — day of —, 1921, and other days before and since, within twelve months past, and before the finding of this indictment, in the county aforesaid, did unlawfully have in possession, keep and transport for the purposes of sale, certain spirituous, vinous, malt and intoxicating liquor, to-wit, white or moonshine whiskey, to be used as a beverage and not for sacramental, scientific, medicinal or mechanical purposes contrary to law and against the peace and dignity of the Commonwealth of Kentucky.' "

While a demurrer to the indictment was pending, the Commonwealth attorney voluntarily elected to try the accused on the charge of having intoxicating liquor in his possession for sale in violation of the statutes. The demurrer was overruled, to which the defendant excepted, and, being compelled to proceed to trial, at the conclusion of the Commonwealth's evidence and again at the conclusion of all the evidence he moved the court to instruct the jury to return a verdict of acquittal. These motions were overruled, but in the motion and grounds for a new trial the defendant again attacked the validity of the indictment.

On this appeal several questions are presented for decision, but we deem it necessary to consider only one, which is, whether or not such an offense is alleged in the indictment as will support the judgment of conviction.

It will be noted that the form of the attempted indictment is unusual, since there is no specific accusation against appellant, further than the charge in the descriptive (not the accusative) part that he, with others, did unlawfully have in his possession, keep and transport for the purpose of sale, certain spirituous, vinous, malt and intoxicating liquor, to-wit, white or moonshine whiskey, to be used as a beverage and not for sacramental, scientific, medicinal or mechanical purposes, etc. The usual accusative form is absent, and in lieu thereof appears "The Commonwealth of Kentucky against Ernest Forman," etc., "of the offense or crime of violating prohibition law committed as follows, viz.:" after which is the descriptive part of the offense. Appellant is not charged with any offense or crime in the accusative part of the indictment but there is merely incorporated into it the words, "of the offense or crime of violating prohibition law." In what respect there was a violation of "the prohibition law" or what offense or crime he committed is not made to appear. It is true that the descriptive part alleges more than one offense and the Commonwealth elected to try appellant for unlawfully having in his possession spirituous, vinous, malt and intoxicating liquor, but he was not accused of that offense in the indictment, and if it could be said that any charge whatever was made against him in the accusative part of it, and in our opinion it cannot, it was merely that of the offense of "violating prohibition law," which is a general charge and not a statement of the offense or acts constituting it.

Under section 124 of the Criminal Code of Practice an indictment must be direct and certain as regards, (1) the party charged; (2) the offense charged; (3) the county in which the offense was committed; and (4) the particular circumstances of the offense charged if they be necessary to constitute a complete offense. And in subsection 2 of section 122 of the Criminal Code, it is provided as a requisite that the indictment must contain "a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and with such degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case."

In Commonwealth v. Tobin, 140 Ky. 261, it was said: "An indictment must charge in its accusative part the public offense for which it is intended to present the accused, and in the descriptive part must state the facts which if established by the proof constitute the offense charged." This rule is supported by Commonwealth v. Castleman, 8 Ky. Law Rep. 608; Brooks v. Commonwealth, 98 Ky. 143; and Bennett v. Commonwealth, 150 Ky. 604. In the recent case of Elliott v. Commonwealth, 194 Ky. 576, we had occasion to consider this subject, and approved the language just quoted. In that opinion we said, "To dispense with the necessity of requiring an indictment to be direct and certain as to the offense charged, and the necessity of naming an offense, would be to dispense with a requirement of the statute which is mandatory and to dispense with a necessity to orderly and safe procedure in prosecutions for crimes and misdemeanors." The indictment under consideration is obviously defective in failing to charge any offense in the accusative part. The statement, in connection with which appellant is mentioned, "of the offense or crime of violating prohibition law," is not a sufficient charge to meet the requirements of the law, which provides that the offense shall be charged with directness and certainty. This defect, as we have pointed out, was raised by appellant before the trial, during the trial and in his motion for a new trial. In these circumstances his conviction is manifestly invalid.

The judgment is reversed.