## Acree v. Commonwealth.

(Decided March 25, 1932.)

CROSSLAND & CROSSLAND for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON— Reversing.

Orie Acree and three others were charged in an indictment with the crime of entering into a conspiracy to break and enter the storehouse of another.

Orie Acree requested and was granted a separate trial. He demurred to the indictment and the court overruled his demurrer. In the accusatory part of the indictment the appellant and his associates were charged with "the crime of entering into a conspiracy to break and enter into the storehouse of Will Brown." The descriptive portion of the indictment charged that the defendant and his associates named in the indictment, in pursuance to a conspiracy, did feloniously break and enter the storehouse of Will Brown, a depository of goods, with the intent to steal articles of value. It is apparent that the offense named in the accusatory portion of the indictment is a misdemeanor, while that in the discriptive part is a felony. To break and enter a storehouse without a felonious intent is merely a trespass. Section 1256, Ky. Stats.

At common law a conspiracy formed to do an unlawful act or a lawful act in an unlawful manner without an overt act by the conspirators, or any of them, to carry into execution the object of the conspiracy, the conspiracy alone, was a misdemeanor. Where the conspiracy was formed for the purpose of committing a misdemeanor, and the purpose for which it was formed was consummated, the misdemeanor committed when it was formed did not merge with the misdemeanor committed in executing its purpose, and a prosecution for the one was no bar to a prosecution for the other. Commonwealth v. Barnett, 196 Ky. 731, 245 S. W. 874; Myers v. Com., 210 Ky. 373, 275 S. W. 883; Commonwealth v. Ward, 92 Ky. 158, 17 S. W. 283, 13 Ky. Law Rep. 422; Commonwealth v. Walters, 206 Ky. 162, 266 S. W. 1066. If a conspiracy was formed to commit a felony, and the felony was committed in pursuance to and in execution of the conspiracy and while the same existed, by the conspirators or any of them, the misdemeanor committed by the forming of the conspiracy merged with the felony. Wait v. Com., 113 Ky. 821, 69 S. W. 697, 24 Ky. Law Rep. 604; Commonwealth v. Blackburn, 1 Duv. 4; Commonwealth v. Harper, 195 Ky. 843, 243 S. W. 1053; Commonwealth v. Barnett, supra.

Section 1241a-1, Ky. Statutes, creates and prescribes punishment for the crime of confederating and banding together of two or more persons to do a felonious act, whether it is consummated or not. Eubank v. Com., 210 Ky. 150, 275 S. W. 630; Phelps v. Com., 209 Ky. 318,

272 S. W. 743; Roark v. Com., 13 Ky. Law Rep. 397; Carr v. Com., 25 S. W. 886, 15 Ky. Law Rep. 826; Commonwealth v. Morton, 140 Ky. 628, 131 S. W. 506. Ann. Cas. 1912B, 454; Weisiger v. Com., 215 Ky. 172, 284 S. W. 1039; Riggsby v. Com., 232 Ky. 226, 22 S. W. (2d) 624; Diamond v. Com., 237 Ky. 374, 35 S. W. (2d) 554.

Section 1164 creates and fixes the punishment of the crime of feloniously breaking and entering into a storehouse, a depository of goods, wares, and merchandise with the intent to steal articles of value, which may be committed by two or more persons as principals, or as aiders and abettors, or in pursuance to and in the execution of a confederation, conspiracy, or banding together. Ray v. Com., 230 Ky. 656, 20 S. W. (2d) 484, 66 A. L. R. 1297; Canada v. Com., 242 Ky. 71, 45 S. W. (2d) 834.

If the conspiracy is formed to commit the crime therein denounced, whether the act is consummated or not, the conspirators may be indicted and convicted under 1241a-1. Riggsby v. Com., 232 Ky. 226, 22 S. W. (2d) 624; Diamond v. Com., 237 Ky. 374, 35 S. W. (2d) 554; Eubank v. Com., 210 Ky. 150, 275 S. W. 630; Weisiger v. Com., supra. In Deaton v. Com., 220 Ky. 343, 295 S. W. 167 and Gregory v. Com., 226 Ky. 617, 11 S. W. (2d) 432, the rule was stated that it was essential that the accusatory and descriptive parts of an indictment cover the same offense.

The indictment must charge in its accusatory part the public offense for which it is intended to prosecute the accused, and in the descriptive part must be stated the facts, which if established by proof, constitute the offense charged. Commonwealth v. Tobin, 140 Ky. 261, 130 S. W. 1116. This rule was approved in Commonwealth v. Castleman, 8 Ky. Law Rep. 608; Brooks v. Com., 98 Ky. 143, 32 S. W. 403, 17 Ky. Law Rep. 698; Bennett v. Com., 150 Ky. 604, 150 S. W. 806, 43 L. R. A. (N. S.) 419; Elliott v. Com., 194 Ky. 576, 240 S. W. 61; Forman v. Com., 195 Ky. 758, 243 S. W. 1043; and Commonwealth v. Phoenix Amusement Co., 241 Ky. 678, 44 S. W. (2d) 830; Phelps v. Com., 209 Ky. 318, 272 S. W. 743.

Under the authority of the cases supra, an indictment charging a conspiracy under section 1241a-1 to constitute the offense created by section 1164, it is essential and required that both the accusatory and descriptive parts of the indictment must name and describe the same

offense. It is apparent that it is our conclusion that the court erred in overruling the demurrer to the indictment which can only be corrected by a reference to the grand jury and the return of a new indictment.

Inasmuch as another trial may be had, we deem it our duty to dispose of other questions raised on this appeal.

The facts presented are as follows:

Will Brown was the owner of a storehouse and a stock of goods at Dublin, Graves county, Kentucky. He closed the store on Saturday night and did not return to it until Monday morning, the 9th day of February, 1931. On Monday morning he observed that the window which opened on a balcony upstairs had been broken. The window was pushed in, the sash torn, and the store had been entered. On entering, he discovered there had been taken therefrom pocketknives, two or three cartons of Lucky Strikes,. Chesterfield, and Camel cigarettes, pipes, candy, a flashlight, and a tire tester. On Monday morning, the 25th day of February, on returning to his store, he again discovered that it had been broken and entered, and hosiery and pocketknives had been taken therefrom.

Mr. Keeling owned a store building situated about twenty-five yards from Brown's. His store was broken into about the same time of the first breaking of Brown's and watches were taken therefrom. They were dollar watches, branded, ''Good Morning.''

During Christmas week of 1930, Veal was principal of the high school at Wingo, Ky. The lock on his desk was broken and several books and a bunch of keys were taken therefrom. At the time Brown's and Keeling's stores were broken into, Orie Acree was attending school at Murray, Ky., and boarding at the home of W. T. Chester. At the time Veal's desk was broken and the books and keys were taken, Acree was attending school at Wingo, boarding at the home of his father, about seven miles from Wingo. After Brown's store was broken into, a search warrant was obtained and placed in the hands of the sheriff of Calloway county. It directed him to search the room and trunk of Acree at the home of Chester. He made the search of Acree's trunk in which he found cigarettes, a bunch of keys, hosiery, and other things, including knives. A watch was on Acree's person. It was a dollar watch branded, ''Good morning.''

The Camel cigarettes which were taken from the store of Brown were "Old Style." The cigarettes, hosiery, and knives obtained by the sheriff when he searched Acree's trunk were identified by Brown as the articles belonging to him and in his store on the two occasions in which it was broken and entered. The watch was produced and identified by Keeling as one of the articles which were taken from his store at the time it was broken and entered. The bunch of keys found in Acre's trunk when presented to Veal was identified as his property.

Tommie Herrell who was charged in the indictment as an accomplice of Acree in the breaking and entering of the store of Brown, was introduced as a witness by the commonwealth. He admitted that he, Acree, and the others named in the indictment broke and entered into the storehouse of Brown on the two different occasions, and once in Keeling's. The breaking and entering into the stores of Brown and Keeling by Acree, Herrell, and others, were detailed by Herrell, and the property which was taken therefrom by them was described by him, including that which was presented to the jury and which the sheriff had obtained by his search.

The appellant's defense was a denial. The jury found him guilty and fixed his punishment at one year in the penitentiary.

The possession of the stolen property in his trunk was sufficient corroboration of the acccomplice. Cox v. Com., 9 S. W. 804, 10 Ky. Law Rep. 597; Short v. Com., 76 S. W. 11, 25 Ky. Law Rep. 451; Branson v. Com., 92 Ky. 330, 17 S. W. 1019, 13 Ky. Law Rep. 614; Anderson v. Com., 35 S. W. 542, 18 Ky. Law Rep. 99; Owens v. Com., 181 Ky. 257, 204 S. W. 162; Hutchcraft v. Com., 195 Ky. 591, 242 S. W. 591; Riggsby v. Com., 232 Ky. 226, 22 S. W. (2d) 624; Combs v. Com., 242 Ky. 793, 46 S. W. (2d) —, decided March 15, 1932.

It should be admitted that the evidence was amply sufficient to authorize the submission of the case to the jury; Cravens v. Com., 205 Ky. 738, 266 S. W. 625; Hall v. Com., 231 Ky. 473, 21 S. W. (2d) 799; Davis v. Com., 230 Ky. 589, 20 S. W. (2d) 455. The appellant contends that the evidence obtained by the search warrant which was executed by the sheriff was incompetent and should not have been permitted to be received by the jury; that the evidence relating to the second breaking and entering into the store of Brown as well as the breaking and enter-

ing of the store of Keeling, and the identification by him of his property and the breaking and entering of the desk of Veal and his identification of the bunch of keys, was incompetent and prejudicial. After defendant testified in his own behalf, the commonwealth was permitted to introduce evidence to impeach his character for honesty, truth, and veracity. No admonition was given by the court advising the jury of the purpose of this evidence. Of this the appellant complains. He made timely objections and reserved proper exceptions to the rulings of the court when admitting this evidence.

Neither the evidence showing the issuance of the search warrant nor the warrant itself was presented by the commonwealth. On the appellant's objection to the evidence obtained by it, it was incumbent on the commonwealth to produce a legally issued and valid search warrant under which the sheriff at the time was acting, or to show it was issued and lost, in which event its issuance and contents may be established by parole. The failure to do so rendered incompetent the testimony of the sheriff and the deputy sheriff and others present at the time disclosing the result of their search thereunder. Wilson v. Com., 228 Ky. 517, 15 S. W. (2d) 422; Craft v. Com., 196 Ky. 277, 244 S. W. 696; Danella v. Com., 207 Ky. 660, 269 S. W. 1011; Eaves v. Com., 241 Ky. 140, 43 S. W. (2d) 528, and cases cited.

The rule is, where the premises and things of a defendant are searched by an officer under a legally issued and valid warrant, and the goods mentioned in it are found, together with a quantity of other goods shown to be stolen, or under such circumstances as tend to indicate that they were stolen property, it is competent to show that such other goods than those mentioned in the search warrant were stolen property, for the purpose of showing the identity of the defendant with, or his motive or guilty knowledge of, the crime charged in the indictment. Commonwealth v. McGarvey, 158 Ky. 570, 165 S. W. 973; Devoto v. Com., 3 Metc. 417; Commonwealth v. Grief, 27 S. W. 814, 16 Ky. Law Rep. 198; Sneed v. Com., 236 Ky. 838, 34 S. W. (2d) 724, and cases cited; Music v. Com., 186 Ky. 45, 216 S. W. 116; Hord v. Com., 227 Ky. 439, 13 S. W. (2d) 244; Cook v. Com., 232 Ky. 613, 24 S. W. (2d) 269; Keller v. Com., 230 Ky. 815, 20 S. W. (2d) 998.

The court should instruct the jury that the evidence admitted relating to the breaking and entering of the store of Keeling and the desk of Veal, and to one of the occasions Brown's store was broken and entered, and the identity of the property, if any, which was stolen therefrom, must not be considered by the jury as evidence of the guilt of the appellant of the crime charged in the indictment and mentioned in instruction No. 1, and for which he is being tried, and the jury must not consider such evidence for any purpose whatsoever, except the jury may consider such evidence only to show or tend to show, if it does so in the judgment of the jury, his identity with, or motive and knowledge of, the crime for which he is being tried. Coleman v. Com., 208 Ky. 601, 271 S. W. 662; Fueston v. Com., 91 Ky. 230, 15 S. W. 177, 12 Ky. Law Rep. 854; Newsom v. Com., 145 Ky. 627, 140 S. W. 1042; Richardson v. Com., 166 Ky. 570, 179 S. W. 458; Gravitt v. Com., 184 Ky. 429, 212 S. W. 430; Earl v. Com., 202 Ky. 729, 261 S. W. 239; Kirby v. Com., 206 Ky. 535, 267 S. W. 1094.

The evidence as to the general reputation of the defendant as it was embraced in the questions propounded to the character witnesses was competent, but on objection thereto, or on request to do so, the court should admonish the jury of the purpose for which it was admitted. Steele v. Com., 192 Ky. 223, 232 S. W. 646; Renaker v. Com., 172 Ky. 714, 189 S. W. 928. Doubtless if the appellant had requested the court to admonish the jury of the purpose for which the evidence relating to his character was admitted, he would have done so. Where the record fails to show a request to admonish the jury of the purpose of admitting testimony which is competent only for a particular purpose, the accused cannot take advantage of such error on appeal. Holly v. Com., 36 S. W. 532, 18 Ky. Law Rep. 441; Renaker v. Com., 172 Ky. 714, 189 S. W. 928; Ochsner v. Com., 128 Ky. 761, 109 S. W. 326, 33 Ky. Law Rep. 119; Wright v. Com., 155 Ky. 750, 160 S. W. 476; Hayes v. Com., 171 Ky. 291, 188 S. W. 415. It is the safest practice for the court on his own motion to admonish the jury of the purpose of such evidence. Earl v. Com., 202 Ky. 726, 261 S. W. 239; De Boe v. Com., 146 Ky. 696, 143 S. W. 39.

A more serious objection to the evidence relating to other offenses is the commonwealth was permitted to prove two distinct crimes committed by the breaking and

entering of the store of Brown on two occasions. A defendant should be tried for but one offense at a time. The court should require the commonwealth to elect to prosecute for the first or second breaking into Brown's store, and then confine the admission of the evidence as to the other breaking and entering of Brown's store under the rule applicable in such cases as we have stated it. McCreary v. Com., 158 Ky. 612, 165 S. W. 981; Newsom v. Com., 145 Ky. 627, 140 S. W. 1042; Richardson v. Com., 166 Ky. 570, 179 S. W. 458; Kayes v. Com., 221 Ky. 474, 298 S. W. 1096; Shively v. Com., 227 Ky. 748, 14 S. W. (2d) 205.

If the commonwealth fails to make an election, the court should treat as elected the first act of breaking and entering of Brown's storehouse proved by the commonwealth. Earl v. Com., supra; Gilbert v. Com., 204 Ky. 505, 264 S. W. 1095; Kayes v. Com., supra.

The correct rule is that where the commonwealth introduces evidence concerning more than one offense, and makes no formal election as to which it will rely upon for conviction, the law elects the act concerning which evidence is first introduced, and, in which event, the court should confine the evidence of the commonwealth and direct his instructions accordingly.

The judgment is reversed for proceedings consistent with this opinion.