## Armstrong v. Commonwealth.

(Decided November 13, 1917.)

### Appeal from Fulton Circuit Court.

1. Criminal Law—Continuance.—The defendant in a criminal prosecution is not entitled to a continuance on account of the non-attendance of witnesses, in the absence of a showing of reasonable diligence to procure their attendance. Especially is this so where the defendant's affidavit for the continuance fails to state that a subpoena was served upon or issued for one of the two absent witnesses, and only expresses a mere belief of the affiant that a subpoena had been served upon the other absent witness.

2. Ex Post Facto Laws—Nature of Ex Post Facto Laws.—A law is not objectionable as ex post facto which, in providing for the punishment of future offenses, authorizes the offender's conduct in the past to be taken into account, and the punishment to be graduated accordingly. Heavier penalties are often provided by law for a second or any subsequent offense than for the first, and it is not objectionable that in providing for such heavier penalty the prior conviction authorized to be taken into account may have taken place before the law was passed. In such cases it is the second or subsequent offense that is punished, not the first.

3. Intoxicating Liquors—Ex Post Facto Laws.—The act of March 23rd. 1916, amendatory of section 2557b, Kentucky Statutes, providing that upon the second conviction for a violation of the local option law a greater punishment shall be inflicted, is a reasonable classification which the legislature was competent to make; and it is not ex post facto, although by its terms it may be enforced against one whose former conviction occurred before its passage.

F. S. MOORE for appellant.

CHARLES H. MORRIS, Attorney General, and D. H. HOWERTON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

At the May term of the Fulton circuit court, 1916, an indictment was returned against the appellant, George Armstrong, by the grand jury charging him with a violation of the local option law, committed by selling whiskey April 23, 1916, in Fulton county. His trial un-

der this indictment occurred September 20, 1916, and resulted in a verdict of the jury finding him guilty and fixing his punishment, upon which verdict judgment was duly entered. On May 3, 1917, the grand jury of the same county returned against appellant another indictment charging him with another violation of the local option law by the selling of spirituous liquor in the year 1917, and shortly before the finding of the indictment. The last indictment, in addition to charging the second offense mentioned, also set up the previous indictment returned against appellant at the May term, 1916, of the Fulton circuit court, and alleged his trial and conviction thereunder on the 20th day of September, 1916; the object of which was to procure his conviction under an act of March 23, 1916, which provides that, for a second conviction of an offense constituting a violation of the local option law, the offender shall be confined in the penitentiary not less than one nor more than two years. The first indictment was drawn and appellant's conviction thereunder had under section 2557b, Kentucky Statutes. The second indictment was drawn under the same statute as amended by the act of March 23, 1916.

The appellant's trial under the second and last indictment occurred September 18th, 1917, and resulted in his conviction; his punishment being fixed by verdict of the jury at confinement in the penitentiary one year. Judgment was entered and sentence pronounced upon appellant in conformity to the verdict. He was refused a new trial and has appealed.

The following grounds are relied on by his counsel for a reversal of the judgment: Error of the trial court (1) in refusing him a continuance of the case; (2) in overruling his demurrer to the indictment; (3) in admitting proof of the first or former conviction.

The first complaint is without merit. Appellant's motion for the continuance was based upon his own affidavit setting forth that he was not ready for trial because of the absence of two witnesses, J. T. Johnson and J. T. Dillon. The affidavit failed to state that Johnson was served with a subpoena or that one had been issued for him. It also failed to state what facts would be testified to by Johnson if in attendance upon the trial, or that such facts would be true when stated. Obviously, he was not entitled to a continuance on account of the absence of Johnson. Criminal Code, section 189; McQueen v. Commonwealth, 28 R. 20; Benge v. Commonwealth, 92 Ky. 1; Stephens v. Commonwealth, 9 R. 742; Breckinridge

v. Commonwealth, 176 Ky. 686. The affidavit did set forth the testimony which it was claimed would be furnished by Dillon, but failed to show proper diligence in the attempt to procure his attendance, as it only stated the appellant's mere belief that he had been served with a subpoena. Whether the subpoena, if issued, was issued in time for obtaining service upon Dillon before the trial or was placed in the hands of the sheriff or another officer for service was not made to appear. However, the court allowed the statements attributed to Dillon by the affidavit to be read as the latter's deposition, although no such showing was made as authorized such use to be made of it. The law is that on a motion to continue the trial of a case because of the absence of a witness, or witnesses, the trial court is given a broad discretion which will not be interfered with in the absence of a sufficient showing of its abuse. Manifestly, the refusal of the continuance was not error.

As the second and third contentions of the appellant raise, in effect, the same question they will be considered together. If the indictment was good the overruling of the demurrer thereto was of course proper, as was also the admission of proof of the former conviction allowed by the trial court. Kentucky Statutes, section 2557b, subsection 2, defines the offense of which appellant was convicted under each of the two indictments returned against him in the Fulton circuit court and prescribes the punishment for the offense defined. Prior to the amendment of March 23, 1916, subsection 3 of section 2557b empowered the court, upon the second or any subsequent conviction for a violation of the local option law, to require of the defendant the execution of a bond in the sum of $200.00 to be of good behavior for the period of twelve months; and also to increase the amount of the bond, and, upon the defendant's failure to give it, to commit him to jail for a period not exceeding ninety days, to be fixed by the court. By the amendment of March 23, 1916, subsection 3 was so amended as to read as follows:

"On the first conviction of a violation of said act, or any of its amendments, the court shall require the defendant to execute bond in the sum of $200.00 to be of good behavior for the period of twelve months. The court may in its discretion, increase the amount of the bond, and if the bond is not given the defendant shall be committed to the county jail for a period not exceeding ninety days, to be fixed by the court. On the second or any subsequent conviction for a violation of said act or

any of its amendments, committed after a former conviction for a violation of said act, or any of its amendments, the defendant shall be confined in the penitentiary for not less than one nor more than two years.''

The amendment of March 23, 1916, went into effect June 18, 1916. It is patent, therefore, that the appellant's first conviction under the first indictment against him, although had after the amendment became effective June 18, 1916, was for an offense against the local option law committed before the passage of the act of March 23, 1916, and that the offense against the local option law for which he was last indicted and convicted was committed after the passage of the act of March 23, 1916, and after June 18, 1916, the date upon which it took effect. It is the contention of counsel for appellant that the increasing penalty for the second offense, declared by the amendment of March 23, 1916, was only intended to apply when both the first and second offenses were committed after the amendment went into effect, June 18, 1916. In other words, that in order to subject the appellant to the increased penalty provided by the amendment for the second offense, the first offense must also have been committed after June 18, 1916, and the offender indicted and convicted therefor after June 18, 1916. This contention does not accord with the language of the statute, as amended. The one prerequisite to the making of the second offense a felony, contained in the amendment, is that the offender must have been convicted of a previous like violation of section 2557b, subsection 2, of the statute. As well argued by counsel for appellee, such statutes as this are not new in this or other states. They are intended to prevent the repetition of crime on the part of the habitual or incorrigible criminal. As said in Hyser v. Commonwealth, 116 Ky. 410:

''The law makes a distinction between the one-time offender and the hardened offender, or criminal, for the former may amend his way, become a good citizen, and thereby atone for his one act of wrongdoing, while the repeated offenses of the latter may so provoke the majesty of the law as to compel the infliction upon him of its severest penalty, and even a repetition thereof as a complete deterrent, if demanded by the public good. This principle has been recognized by the law-making power of our state, and carried into effect by the repeated adjudications of this court. For instance, section 1130, Kentucky Statutes, 1899, provides that any person convicted a second time of felony, the punishment of which is con-

finement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction, and, if convicted a third time of felony, he shall be confined in the penitentiary during his life. The validity of this statute has been repeatedly upheld by this court upon the ground that it is not in violation of the constitutional provision that no one for the same offense shall be twice put in jeopardy. The increased punishment is not for the former offense, but the previous convictions merely aggravate the last offense and add to its punishment. The accused is not required to answer to the former charges and defend against them. Nothing is heard in reference to the former trials save the fact of conviction. Mount v. Commonwealth, 2 Duvall 93; Taylor v. Commonwealth, 3 R. 783; Boggs v. Commonwealth, 9 R. 342; Chenowith v. Commonwealth, 11 R. 561; Wharton v. Commonwealth, 7 R. 826.'' Morgan v. Commonwealth, 170 Ky. 400.

We have not, however, found, nor have we been referred to, a case in this jurisdiction in which the particular question here involved seems to have been decided. The view that we entertain of it is thus well expressed by Judge Cooley in his work on Constitutional Limitations:

''And a law is not objectionable as *ex post facto* which, in providing for the punishment of future offenses, authorizes the offender's conduct in the past to be taken into the account, and the punishment to be graduated accordingly. Heavier penalties are often provided by law for a second or any subsequent offenses than for the first, and it has not been deemed objectionable that in providing for such heavier penalties the prior conviction authorized to be taken into account may have taken place before the law was passed. In such cases it is the second or subsequent offense that is punished, not the first.''

Substantially the same statement of the law may be found in Bishop's New Criminal Law, vol. 1, section 283.

The question seems to have been squarely decided in Ex Parte Gutierrez, 45 Cal. 429, wherein it was held that the section of the Penal Code of California which provides that one who has been convicted of the offense of petit larceny, who shall again commit the offense of petit larceny, is to be deemed guilty of a felony, is not *ex post facto,* within the meaning of the Federal Constitution, even when applied to one who committed the first offense prior to the taking effect of the code. In the opinion it is, in part, said:

"It is next claimed for the prisoner that the Penal Code, sought to be so applied here as to constitute the petit larceny charged against him a felony, is *ex post facto,* and so prohibited by the Federal Constitution. (Art. 1, sec. 10.) Undoubtedly if the purpose of the code were to aggravate the punishment of a crime committed before the code took effect, it would be obnoxious to the objection taken. But such is not the case. The offense to be punished by imprisonment in the state prison was one *committed since the code took effect.* By the rule announced in the code, any person in the situation of the prisoner—that is, any person who had already been convicted of the offense of petit larceny—who should again, and subsequently to the taking effect of the code, commit the offense of petit larceny, is to be deemed a felon, and punished by imprisonment in the state prison. The act to be punished is, however, only that act done by the prisoner after the code took effect; and, therefore, in no sense can the code be said to become *ex post facto* when applied to the case of the prisoner."

In Jones v. State of Oklahoma, 48 L. R. A. (N. S.) 204 Okla. Criminal Reports, 133 Pacific 244), we find a case, the facts of which are substantially identical with those of the instant case. Instead of reciting the facts or commenting upon the opinion, we here give the conclusions reached by the court, which are correctly and with admirable clearness expressed in the first paragraph of the syllabus as follows:

"The act of the legislature providing that upon the second conviction for a violation of the prohibitory liquor law a higher punishment shall be inflicted, is a reasonable classification which the legislature had the power to make, and it is not *ex post facto,* although by its terms it may be enforced against one whose former conviction occurred before its passage."

To the same effect are the following cases: State v. Graham, 68 West Va. 248 (224 U. S. 616); State v. Adams, 89 Kansas 674; Rand v. Commonwealth, 9 Grattan r. 738; Ross Case, 2 Pickering r. 165.

The authorities, *supra,* seem to us conclusive of the question under consideration. Furthermore, there is nothing to be found in the terms or language contained in the act of March 23, 1916, which distinguishes between a first violation of the local option law committed prior to its passage or to the date of its taking effect and such an offense committed after it took effect.

The object of the act is to protect society from the repeated and flagrant violations of the local option law by a lawless class of persons who infest every community of the state, and whose occupation of "bootlegging" can not be stopped short of the infliction of punishment by way of confinement in the penitentiary.

We find nothing in the record of this case to convince us of any error committed by the court to the prejudice of the appellant's substantial rights; and while the evidence with respect to his commission of the second or last offense was conflicting, it was the province of the jury to pass upon the question of his guilt, and as this was done by them under proper instructions from the court and there was evidence to support their finding, we find no reason for disturbing the verdict.

Wherefore, the judgment is affirmed.