### Davis v. Commonwealth.

(Decided April 19, 1918.)

Appeal from Pike Circuit Court.

1.  Witnesses—Leading Questions.—The leading questions complained of examined and held not prejudicial to any substantial right of appellant.

2. Criminal Law—Continuance—Absent Witnesses.—It is well settled that the defendant in a criminal prosecution is not entitled to a continuance on account of the non-attendance of witnesses in the absence of a reasonable showing of diligence to procure their attendance.

3. Criminal Law—Trial—Instructions.—In a prosecution for a violation of the local option law the offense charged in the warrant and for which appellant was convicted was one denounced by section 2557 of the Kentucky Statutes, and the instructions were properly based upon this statute.

4. Criminal Law—Trial—Evidence.—The record furnishes no ground for the complaint that the verdict is not supported by the evidence.

J. E. CHILDERS for appellant.

CHARLES H. MORRIS, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, and R. MONROE FIELDS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

Appellant was convicted in the court of a justice of the peace of Pike county, under a warrant charging him with the offense of permitting whiskey to be sold in his house and on his premises in local option territory. By the verdict of a jury and judgment of the court his punishment was fixed at a fine of $50.00 and twenty days' imprisonment in jail. From that judgment he prosecuted an appeal to the Pike circuit court and was convicted in that court; his punishment being fixed by verdict of a jury and judgment of the court at a fine of $100.00. From the latter judgment he prosecutes this appeal to this court.

In appellant's motion and grounds for a new trial in the circuit court he complained and, in this court urges the reversal of the judgment of the circuit court, upon the following grounds:

(1) Error of the circuit court in permitting the Commonwealth's attorney to ask of the Commonwealth's witnesses leading questions.

(2) That that court also erred in refusing him a continuance on account of absent witnesses.

(3) In instructing the jury.

(4) That the verdict is not supported by the evidence.

The record discloses that in two or three instances questions propounded to certain of the witnesses were

somewhat leading in character, but such questions were
asked to refresh the recollection of the witnesses after
they had testified as to substantive facts in answer to
questions that were not leading; and were indulged in
by counsel mainly by way of repeating the previous
statements of the witnesses relating such facts. The
questions complained of were not prejudicial to any sub-
stantial right of the appellant. Therefore, the failure
of the trial court to sustain objections to them is not re-
versible error.

The complaint of the refusal of the circuit court to
grant the appellant a continuance cannot be sustained.
He did not file an affidavit setting forth the grounds for
the continuance asked, but was permitted to state them
orally after being sworn. The two absent witnesses were
Wilson and Filpot, to whom he claimed to have leased the
premises where the whiskey was charged to have been
sold. He claimed that these two witnesses would testify, if
present, that under the contract by which they were
leased the property they obligated themselves not to sell
or permit to be sold intoxicating liquors of any kind
thereon, and that they did not make or allow the sale of
such liquors to be made. He claimed to have had sub-
poenas issued for Wilson and Filpot, but admitted that
they were residents of Pike county and that one of them
had told him two days before the trial that he had not
been served with the subpoena. His statement failed to
disclose when the subpoenas were issued or when they
were placed in the hands of the sheriff for service, nor
were the subpoenas themselves produced. It does not
appear from the appellant's statement that these wit-
nesses or either of them had testified on his trial in the
court of the justice of the peace, or that after being told
by one of them two days before the trial in the circuit
court, that he had not been served with the subpoena, any
effort was made by him to obtain its service upon the
witness or to ascertain whether it had been served on the
other witness. In brief, there was no showing of the
necessary diligence upon the part of appellant in the ef-
fort to procure the attendance of these witnesses to testi-
fy upon his trial. It has been well settled that the de-
fendant in a criminal prosecution is not entitled to a con-
tinuance on account of the non-attendance of witnesses,
in the absence of a reasonable showing of diligence to
procure their attendance. Armstrong v. Commonwealth,

177 Ky. 690. Moreover, it appears from the record that appellant received on his trial the benefit of the testimony he claimed would have been furnished by the witnesses, as his statement as to what they would testify was permitted to be read to the jury. Manifestly, the continuance was properly refused by the court.

The complaint that the trial court erred in instructing the jury is wholly without merit. The contention of error in the instructions grows out of the misapprehension of appellant's counsel that the warrant under which he was tried was issued under section 2572, Kentucky Statutes, whereas the offense charged in the warrant and for which appellant was convicted was one denounced by section 2557, Kentucky Statutes, which provides in part as follows:

"Any person who knowingly furnishes or rents a house, room, wagon or any conveyance or thing, in which spiritous, vinous or malt liquors are sold, bartered or loaned in violation of this act, shall, upon conviction thereof, be fined not less than $60.00 nor more than $100.00."

The instructions given were properly based upon this statute and the punishment inflicted upon the appellant by the verdict of the jury was the maximum fine prescribed by its terms. The instructions, two in number, correctly gave the law of the case to the jury.

The record furnishes no ground whatever for appellant's fourth and final complaint that the verdict is not supported by the evidence. The evidence introduced in behalf of the Commonwealth shows that appellant is the owner of the building and lot where the whiskey was sold; that he rented the front room of the building to Wilson and Filpot ostensibly for the sale of soft drinks therein, but that the rear room of the building was reserved by appellant and its use continued by himself and a woman, claimed to be his wife, as a residence during the entire occupancy of the front room by Wilson and Filpot. It was shown by several witnesses that appellant and his wife and also Wilson and Filpot, at various times, sold whiskey in this building. Some of these sales were made by appellant, others by his wife, and yet others by Wilson and Filpot, and some of them made in the presence of appellant; all within twelve months before the issuance of the warrant against him. That on one occasion the premises were raided by officers of

the law and whiskey, many half-pint bottles, found in a suit case in the room occupied by Wilson and Filpot, and such liquors also found in a drawer of a table in the room occupied by appellant and wife and under the floor of that room. It was, therefore, shown by the evidence that both appellant, his wife and alleged tenants, Wilson and Filpot, were illegally engaged in the sale of whiskey in and on the premises in question, and only the testimony furnished by appellant himself conduced to show his want of knowledge of the sales of whiskey by his so-called tenants. The alleged lease to Wilson and Filpot, though claimed by appellant to have been in writing, was not produced upon the trial, nor was there any proof other than that furnished by his own testimony that such a writing was in existence. It was claimed by him that the writing was in the possession of one Preston, but no effort was made by him to procure the attendance of Preston as a witness or to obtain from him the writing for use as evidence.

The evidence was amply sufficient to establish beyond a reasonable doubt the appellant's guilt of the offense denounced by section 2557, Kentucky Statutes; and as the record fails to show error in the court's rulings that could have been prejudicial to any substantial right of appellant, the judgment must be and is affirmed.