# Hord v. Commonwealth.

(Decided October 9, 1928.)

(As Modified, on Denial of Rehearing, February 12, 1929.)

DAVID SESSMER, GARDNER K. BYERS and FIELDS, BYERS & MOORE for appellant.

J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

This is a companion case to Mitra v. Commonwealth, 224 Ky. 13, 5 S. W. (2d) 275. Mitra and Hord were each indicted for the murder of Marion A. George. Hord was found guilty, and his punishment fixed at death. He appeals.

The facts are fully stated in the former opinion. Appellant insists that the court erred in overruling his motion for a continuance without allowing the affidavit to be read as the deposition of the absent witnesses. The case was called on February 1, and set over to February 15. No subpoena was taken out for these witnesses until February 14. This was clearly not due diligence. It was incumbent upon the appellant to take steps to secure the presence of these witnesses promptly when the case was set over, and a subpoena taken out on the day before the trial was plainly not due diligence. Armstrong v. Commonwealth, 177 Ky. 690, 198 S. W. 24.

Appellant also insists that the court erred in admitting incompetent testimony over his objection. The shooting occurred on December 13. On the morning of December 20, between 10:30 and 11 a. m., two officers took appellant and his brother to the hospital where

George was, for the purpose of seeing if George could identify appellant. When they came into the room, appellant got behind his brother, and would not get where George could see him. One of the officers had to take hold of him and pull him around, so that George could see him. George then promptly identified him as one of the men. Appellant, although identified by George, said nothing. What took place there in appellant's presence was competent against him, although George at that time did not say that he had given up hope of recovery.

About 11:30 a. m. on the same day two other officers came to George's room when appellant was not present. George then declared that he was going to die; at least, this is the clear effect of the officer's testimony taken as a whole. George died the next morning at 7 o'clock, and was plainly in a dying condition when this declaration was made. The statements of George then made, which identified appellant as one of the men who came into his store and shot him, were clearly properly admitted as a dying declaration.

On the night of the shooting, after George reached the hospital and became conscious, a stenographer took down his statement as to what had occurred at the time he was shot. In his dying declaration, when asked if the statements taken down by the stenographer, and read over to him by the stenographer after they were written out, were correct, and he said they were; the court then, over the objection of the appellant, allowed this stenographic statement to be read to the jury. He insists that this was error.

In Mockabee v. Commonwealth, 78 Ky. 381, the court, having this precise question before it, said: "It being perfectly manifest that the mind of the deceased was clear at the time of this last conversation, and that he understood the contents of the paper containing a statement of the circumstances of the wounding, there appears no reason for excluding this evidence simply because the paper was not reread to him at the time the assent to its correctness was given." To same effect, see Jackson v. Com., 189 Ky. 68, 224 S. W. 649, and Colson v. Com., 200 Ky. 402, 255 S. W. 60.

These cases are in line with the current of authority. "On reaffirmation of a previous declaration, after the declarant became conscious of approaching death and was without hope of recovery, the statements need not

be again shown to or read over to him." 30 C. J. p. 260, sec. 501. To same effect, see 1 R. C. L. p. 543, sec. 89.

On the whole record appellant was in no wise prejudiced by the reading of this paper, for there was nothing in it in any way identifying appellant with the persons who committed the crime. The fact that the crime was committed, as set out in this paper, was abundantly established. The only real question in this case was this: Was appellant the person who was with Mitra when he did the shooting? It is well settled that a judgment will not be reversed for an error of the court, unless on the whole record the substantial rights of the defendant were prejudiced thereby.

The state proved by one of the officers that appellant ran when he had tried to arrest him, and that he had to run after him for a number of squares before he could get him. This proof was competent, for flight is always some evidence of a sense of guilt. Appellant undertook to explain his flight by saying, in substance, that he ran because his brother had a pistol, and he did not want to be arrested for this reason. This opened the door for the commonwealth to show by him, and by the officer, what really had happened, that the jury might determine intelligently why he ran. There was no substantial error in this matter. The court did not err in refusing appellant's motion for a peremptory instruction at the conclusion of the testimony for the commonwealth. The testimony of Mitra that Hord was with him and assisted in the crime was confirmed by the identification of him by George as this man. It was also confirmed by the fact that a pair of pants belonging to Hord were found in an alley not far from George's store, where Mitra said they were left, and that the pistol with which the shooting was done was identified, and there were circumstances connecting appellant with this pistol.

The defendant testified, for himself, that Mitra came to Louisville and was stopping at his father's; that Mitra did not work, and he had his father to kick him out; that it was a week or more before the homicide, and after this he had nothing to do with Mitra, and was not at his room after he left his father's house, or with him in any way. On cross-examination the commonwealth asked him if he had not in company with Mitra, held up a merchant named Bell on December 11th, and he denied it. He then asked him if he had not been indicted for this offense

and had not pleaded guilty, and he said in substance that he had pleaded that he had no defense to make. In rebuttal the commonwealth was allowed to prove by Bell and his wife that Mitra and appellant did come to his store on the evening of December 11th, and hold him up, and take his money. Bell and his wife fully identified appellant as the man who was there with Mitra. This evidence was competent to contradict appellant, and to overthrow his testimony that he had fallen out with Mitra, and had had nothing to do with him since he left his father's house. In addition to this, such evidence is always allowed, where a crime is one of a series, for the purpose of identifying the defendant. The court told the jury that it was only admitted for this purpose. Simmons v. Commonwealth, 210 Ky. 33, 275 S. W. 369, and cases cited; Robertson's New Criminal Law, sec. 1794. There was no substantial error in the admission of this testimony, with the instructions that the court gave thereon.

The instructions of the court to the jury were in the usual form and have often been approved. The court did not err in using the words "if he was an accomplice," in the instructions telling the jury that they could not convict upon the testimony of Mitra, unless corroborated; for it has often been held that this question should be submitted to the jury, and it is hard to see how this could possibly have prejudiced the appellant, for under all the evidence it stood admitted that Mitra did the shooting. Elmendorf v. Com., 171 Ky. 421, 188 S. W. 483, and cases cited; 1 R. C. L. p. 171, sec. 18.

On the motion for a new trial, the defendant insisted that two of his witnesses had been intimidated by the police officers, and that thus he had been deprived of their testimony. Affidavits on both sides of this question were filed. The court overruled the motion. The question presented was simply one of credibility, and this court is not prepared to say that the circuit court abused a sound discretion in overruling the motion. The fact is that, while the numerical weight of the witnesses is with the defendant, the circumstances sustain the officers.

Appellant complains of the misconduct of the commonwealth attorney in his closing argument. So far as the argument of the commonwealth attorney is set out in the bill of exceptions, the court is unable to see that there was any misconduct on his part. Appellant insists,

though, that the bill of exceptions does not contain all that the commonwealth attorney said, and that the really objectionable part is not set out. But no rule is better settled than that this court cannot consider objections to the argument of the commonwealth attorney, unless shown by the bill of exceptions.

On the whole record, the court finds no error prejudicial to the substantial rights of the appellant on the whole case. The appellant introduced a number of witnesses, proving an alibi for him, showing that he was at home on December 13, when the homicide was committed some distance away in Louisville. But the credibility of the witnesses was for the jury, and on the whole case the verdict cannot be disturbed.

Judgment affirmed.