## Reed v. Commonwealth.

(Decided October 24, 1930.)

BLAKELY & MURPHY for appellant.

J. W. CAMMACK, Attorney General, and B. H. RILEY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Appellant was indicted in the Boone circuit court for grand larceny. On the trial of the case he was found guilty, and his punishment fixed at five years' imprisonment. He appealed. On the appeal it was held that under the evidence an instruction on petty larceny should have been given that certain testimony which was admitted was incompetent, and for these reasons a new trial was ordered. The facts of the case are stated in that opinion. Reed v. Com., 233 Ky. 184, 25 S. W. (2d) 77. On the return of the case to the circuit court, it was tried again. The jury again found the defendant guilty of grand larceny and fixed his punishment at five years' imprisonment. He appeals.

On the second trial the court gave an instruction on petty larceny and excluded from the jury the evidence held incompetent by this court on the former appeal. He also refused to give an instruction on the testimony of an accomplice, but, on the same evidence, this court on the former appeal held that such an instruction should not be given. It is expressly provided in the Code that a judgment in a case like this shall only be reversed for some error on the trial affecting the substantial rights of the appellant. The court finds no error in this record prejudicial to any substantial right of the appellant. The case was tried just as it was directed to be tried on the former appeal. The verdict of the jury is not against the evi-

dence, and the court must assume that the jury followed the admonition of the circuit court and did not consider evidence which was excluded by the court. The witnesses testifying as to the value of the property stated facts warranting them to testify on this subject. They stated that they did know the value of the automobile tires, and no effort was made to show that they did not know this. A man who has been in the business of buying and selling tires or who had owned an automobile for fifteen years states that he knows the value of tires is competent to speak on such a subject.

Complaint is made of the argument of the commonwealth attorney, but, though his argument is copied in the record, it is not made part of the bill of exceptions or referred to therein. It is well settled that remarks made by the commonwealth attorney are not ground for reversal unless set out in the bill of exceptions and exception is taken thereto, as shown by the bill of exceptions. Hord v. Com., 227 Ky. 439, 13 S. W. (2d) 244; Puckett v. Com., 235 Ky. —, 31 S. W. (2d) 383.

Judgment affirmed.