**Garland HAMBLIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 28, 1973.

S. M. Ward, Hazard, for appellant.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Justice.

Appellant Garland Hamblin was found guilty at a jury trial of the charge of aiding and abetting the robbery of Sarah Graston, which offense was committed on October 7, 1972. He was sentenced to serve two years in the penitentiary. From a judgment entered on the jury verdict, Hamblin appeals. We affirm.

Testimony showed that Hamblin, while driving his own automobile, picked up two young men, one of whom was J. B. Fugate, whom Hamblin had known for about one year. He gave them a ride, during which they passed Sarah Graston who was walking along the highway. They stopped and

---

offered her a ride, which she declined. The car moved on a short distance and again stopped, whereupon Fugate went back to where Mrs. Graston was walking. Fugate, with threats of harm, robbed her of her purse containing approximately $97. He returned to the vehicle, then Hamblin drove them to a nearby village. Meanwhile, Mrs. Graston alerted the police. When the officer located the parked car containing the three men, he approached it, whereupon Hamblin and the other two men ran away, but the officer was able to apprehend Hamblin and place him under arrest.

There was no other proof connecting Hamblin with the robbery. Hamblin emphatically denies that he was implicated in any way or that he knew Fugate was going to rob Mrs. Graston. He expressed fear of injury at the hands of his passengers as being the reason for driving away from the scene of the crime. Fear also was his excuse for running when the police officer approached the car. In seeking reversal Hamblin presents one issue and that is whether there was sufficient evidence to sustain the verdict. Appellant refers us to no case supporting his position.

The Commonwealth points out that Hamblin was present and took part in aiding the escape of Fugate after he committed a felony, thereby making Hamblin an aider and abettor to the crime. It relies on Smith v. Commonwealth, Ky., 473 S.W.2d 829 (1971); Commonwealth v. Allen, Ky., 441 S.W.2d 424 (1969), and Tinsley v. Commonwealth, Ky., 273 S.W.2d 364 (1954). It also notes Hamblin's effort to elude the police.

█ In determining whether there was sufficient evidence to sustain the verdict, it is proper to consider, along with the other proof, the attempted escape by Hamblin when the police officer approached him. 23 C.J.S. Criminal Law § 907, p. 558. "The flight of a person after the commission of a crime and before his arrest is, under the prevailing rule, a circumstance to be considered with the other circum-

stances of the case in determining his guilt or innocence." 25 A.L.R. 886, 887. Hamblin's " * * * flight is * * * some evidence of a sense of guilt," but with his right to explain the reason for fleeing. Hord v. Commonwealth, 227 Ky. 439, 13 S.W.2d 244 (1928). Cf. Fugate v. Commonwealth, Ky., 445 S.W.2d 675 (1969).

█ We are of the opinion that the proof was sufficient to sustain the verdict. The judgment is affirmed.

All concur.