Lionel Rasheen JACKSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2005–CA–000330–MR.

Court of Appeals of Kentucky.

Feb. 17, 2006.

Discretionary Review Denied by Supreme Court Sept. 13, 2006.

John Kevin West, Lexington, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Samuel J. Floyd, Jr., Assistant Attorney General, Frankfort, KY, for appellee.

Before BUCKINGHAM, JOHNSON, and TAYLOR, Judges.

*OPINION*

BUCKINGHAM, Judge.

Lionel Rasheen Jackson appeals from a judgment of the Fayette Circuit Court wherein he was convicted of possession of a handgun by a convicted felon and being a persistent felony offender in the first degree and was sentenced to ten years in prison. The sole issue on appeal is whether the court erred in allowing evidence of Jackson's flight after he posted bond and was released from custody prior to trial. We affirm.

Jackson was arrested on October 27, 2002, following an incident in which he was accused of pointing a handgun at other persons. He was released from custody after a bond was posted on November 7, 2002.

On January 6, 2003, a grand jury indicted Jackson on various charges, including possession of a handgun by a convicted felon and being a persistent felony offender in the first degree. His arraignment was scheduled for January 10, 2003. Jackson failed to appear for arraignment when his case was called, although the record indicates that he had been present in the courthouse on that day.

The court rescheduled the arraignment for a week later, but Jackson again failed to appear. A warrant was then issued for his arrest.

Jackson was eventually apprehended in Miami, Florida, on September 30, 2004.

After being transported back to Kentucky, Jackson entered a plea of not guilty. Following a trial by jury, Jackson was convicted of possession of a handgun by a convicted felon and being a persistent felony offender in the first degree.[1] In a final judgment entered by the court on February 11, 2005, Jackson was sentenced to ten years in prison.

■ During Jackson's trial, the Commonwealth was allowed to introduce evidence of Jackson's failure to appear for arraignment and his later arrest in Florida. On appeal, Jackson argues that the court erred in denying his motion in limine to suppress such evidence.

■ Early case law in Kentucky holds that such evidence is admissible. *See Saylor v. Commonwealth,* 22 Ky.L.Rptr. 472, 57 S.W. 614, 615 (1900). In fact, "[i]t has long been held that proof of flight to elude capture or to prevent discovery is admissible because 'flight is always some evidence of a sense of guilt.'" *Rodriguez v. Commonwealth,* 107 S.W.3d 215, 218 (Ky.2003), *quoting Hord v. Commonwealth,* 227 Ky. 439, 13 S.W.2d 244, 246 (1928). In the *Rodriguez* case, the Kentucky Supreme Court determined that the common-law rule regarding the admissibility of evidence of flight survived the adoption of the Kentucky Rules of Evidence (KRE) as a rule of relevancy. *Id.* at 219. The court explained that "evidence of flight is admissible because it has a tendency to make the existence of the defendant's guilt more probable: a guilty person probably would act like a guilty person." *Id. See also* KRE 401.

■ Citing language from the *Rodriguez* case, Jackson argues that his flight was not relevant evidence because it was not "spatially and temporally close to the crime charged." *See Rodriguez,* 107 S.W.3d at 219. He notes that his flight

---

**1.** The remaining charges in the indictment were severed for purposes of trial.

occurred days after the crime for which he was charged. We agree with the authorities cited by the Commonwealth that "[i]mmediacy is generally only relevant, however, where 'the defendant does not know, or his knowledge is doubtful, about the charges and accusations made against him' at the time of his flight.... Where it is clear the defendant is aware of the charges against him, the immediacy factor is not required to show consciousness of guilt." *United States v. Oliver*, 397 F.3d 369, 376–77 (6th Cir.2005). [Citation omitted.]

As did the *Rodriguez* court, we conclude that the evidence of flight in this case was admissible pursuant to KRE 404(b)(1) to show "an expression of a sense of guilt." *See* 107 S.W.3d at 219–20. Thus, we conclude that the court did not err in allowing the admission of evidence of Jackson's flight.[2]

The judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.

---

2. The facts in this case are like those in *United States v. Skoczen*, 405 F.3d 537 (7th Cir. 2005), wherein the court held that the lower court's decision to admit evidence of the defendant's failure to appear at a preliminary hearing after he had been released on bond and had fled to Florida was not an abuse of discretion. *Id.* at 548.