Paul RODGERS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2008–CA–002287–MR.

Court of Appeals of Kentucky.

April 9, 2010.

Rehearing Denied June 21, 2010.

Roy A. Durham, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, W. Bryan Jones, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge;
KELLER and VANMETER, Judges.

## OPINION

COMBS, Chief Judge.

Paul Rodgers appeals from his conviction of first-degree sexual abuse in Graves Circuit Court. After careful review of the record and the law, we are compelled to vacate and remand for a new trial.

Rodgers and Tammy Sawisch conceived a child, M.D., in 1996. Although she was born in 1997, Rodgers did not meet M.D. until the summer of 2005 when she was seven and one-half years of age. At that time, Rodgers and Sawisch rekindled their relationship, and Rodgers began spending time with his daughter. For a while, Rodgers lived in a tent in Sawisch's back yard. On weekends, he and M.D. would stay at the home of his mother.

Rodgers and Sawisch broke up in October 2005, and Rodgers moved to Memphis. He did not have any more contact with M.D. In January 2006, M.D. told her mother that Rodgers had touched her inappropriately during one of their visits at his mother's house. Sawisch contacted local authorities, and after interviewing M.D., they obtained a warrant for Rodgers's arrest. However, they could not locate him until June 2007 when authorities in King County, Washington, found him in a homeless shelter in Seattle.

Rodgers stood trial on July 31, 2008, and a jury convicted him of sexual abuse in the first degree. This appeal follows.

Rodgers argues that his rights to due process and to a fair trial were violated because the prosecution inappropriately discussed and defined *"reasonable doubt"* in its closing argument. In its closing argument, the Commonwealth expressly commented to the jury as follows:

> I'll ask you guys to remember that the standard is beyond a reasonable doubt, it's not beyond all doubt. Only God knows what happens beyond all doubt. If any of you find yourself in the jury room saying to yourself or thinking that "yeah, I know the defendant did it, but I just don't think the Commonwealth proved their case," well, I submit to you that if you know he did it, then this case was proven.

Rodgers immediately objected and made a motion for a mistrial or dismissal, charging that the Commonwealth had altered its requisite standard of proof by implying that a lower degree of proof should apply. The court declined to grant the mistrial but admonished the jury by the following brief commentary: "There's a comment made on the burden of proof. It is beyond a reasonable doubt. Follow the instructions on that."

Prosecutors enjoy considerable latitude as to the content of closing arguments. *Berry v. Commonwealth*, 84 S.W.3d 82, 90 (Ky.App.2001). In general, they may comment liberally and extensively on the evidence that was presented. *Maxie v. Commonwealth*, 82 S.W.3d 860, 866 (Ky.2002). We may reverse only if the "alleged prosecutorial misconduct is so egregious as to render the trial fundamentally unfair." *Berry, supra. (quoting Partin v. Commonwealth*, 918 S.W.2d 219, 224 (Ky.1996)).

Our Supreme Court has provided a three-prong test to determine if prosecutorial conduct during closing arguments renders an unfair trial. Those factors are:

1) proof of defendant's guilt is not overwhelming;

2) defense counsel objected; and

3) the trial court failed to cure the error with a sufficient admonition to the jury.

All three conditions must be satisfied. *Barnes v. Commonwealth*, 91 S.W.3d 564, 568 (Ky.2002). (*citing U.S. v. Carroll*, 26 F.3d 1380, 1390 (6th Cir.1994) and *U.S. v. Bess*, 593 F.2d 749, 757 (6th Cir.1979)).

In the case before us, the proof of defendant's guilt was not overwhelming. It wholly involved testimony from the accused and the victim that was mutually contradictory. The Commonwealth possessed no physical evidence to prove that the touching occurred. Its strongest evidence was M.D.'s testimony, which was indeed compelling. The only other possible witness to the alleged abuse was Rodgers himself, and he testified that the misconduct had not happened. Additionally, his mother testified that he never had the opportunity. She said that she would have known if Rodgers and M.D. had been in the same room due to the locations of where the family members slept. Rodgers also presented evidence that Sawisch had

threatened to take him to court to prevent him from ever seeing M.D. again. This was exclusively a situation for the jury to act as fact-finder based on the credibility of the witnesses. Therefore, the first prong of the *Barnes* test was met. The second prong was satisfied by Rodgers's prompt and spirited objection.

■■ The third prong requires us to determine whether the trial court's admonition to the jury was sufficient to cure the error. Initially, we must determine whether the Commonwealth's statement was erroneous or legally misleading—and if so, to what degree. The Commonwealth argues that it committed at most harmless error—if any—in its commentary on the reasonable-doubt standard. We vigorously disagree.

The Kentucky Rule[s] of Criminal Procedure (RCr) 9.56 plainly instructs that jury instructions should not include **any** definition of *reasonable doubt*. Our Supreme Court has expanded the rule to **prohibit** counsel from defining it **at any point** in a trial. *Commonwealth v. Callahan*, 675 S.W.2d 391, 393 (Ky.1984). Over time, our courts have narrowly refined the rule to construe as harmless error a statement that reasonable doubt does not mean "beyond all doubt." *Johnson v. Commonwealth*, 184 S.W.3d 544, 550–51 (Ky.2005).

In this case, the Commonwealth bodaciously exceeded the *Johnson* limit that reasonable doubt does not mean beyond all doubt. It declared, "if you find yourself . . . thinking that 'yeah I know the defendant did it, **but I just don't think the Commonwealth proved their case,**' well I submit to you that **if you know he did it,** then this case was proven." (Emphases added.)

It is axiomatic that the Commonwealth bears the burden of proving guilt. Kentucky Revised Statute[s] (KRS) 500.070. The Supreme Court of the United States has emphasized that "[d]ue process commands that no man shall lose his liberty unless the Government has borne the burden of producing the evidence and convincing the factfinder of his guilt." *Speiser v. Randall,* 357 U.S. 513, 526, 78 S.Ct. 1332, 1342, 2 L.Ed.2d 1460 (1958).

The Commonwealth's wholly inappropriate invitation to the jury to speculate is similar to the jury instructions addressed by our nation's highest court in *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). (*overruled on other grounds* by *Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)). In *Cage,* the trial court had included the phrase "moral certainty" in its definition of reasonable doubt.[1] Reversing Cage's conviction, the Court held that because of that phrase, "a reasonable juror could have interpreted the instruction to allow a finding of guilt based on **a degree of proof below that required by the Due Process Clause.**" *Id.* at 330. (Emphasis added.) The Commonwealth clearly erred in urging the jury to employ a subjective, personal standard far below the requisite objective, legal level of reasonable doubt. The error is unmistakable.

■ Next, in order to satisfy the analysis of the *Barnes* test, we must examine whether the court's admonition was sufficient to cure the error. Under Kentucky law, there is a presumption that "an admonition to the jury to disregard an improper argument cures the error unless it appears the argument was so prejudicial, **under the circumstances of the case,** that an

---

1. Not all states prohibit defining reasonable doubt as acknowledged by the U.S. Supreme Court in *Cage* and other cases. *See Sullivan* *v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

admonition could not cure it." *Price v. Commonwealth*, 59 S.W.3d 878, 881 (Ky. 2001). (emphasis added). (citations omitted).

■ In this case, the court overlooked and failed to address the Commonwealth's statement that it did not have to prove its case according to the evidence. It merely recited that "the standard is beyond a reasonable doubt"—without the further elaboration that the circumstances of this case required. The court neglected to explain to the jury that the Commonwealth bore the burden to prove reasonable doubt solely using the evidence—not by appealing to intuition, common sense, common life experience, or subjective belief of the jury as the Commonwealth's argument clearly implied to be permissible. Although the written instructions stated that, "the burden of proof is on the Commonwealth," we conclude that the jury was undoubtedly tainted by the Commonwealth's commentary and that the court failed to offer a sufficient admonition to cure the error—if indeed under the egregious circumstances **any** admonition could have sufficed. Accordingly, we must vacate and remand for a new trial.

The tragedy of the decision that we are required to make is the probability that M.D. will have to testify again, further victimizing her. Her testimony could have been construed as compelling and credible, and the jury was given sufficient evidence by which it may have found Rodgers guilty without the objectionable prosecutorial commentary at issue. The jury worked hard and deliberated for more than four hours. However, there is no way to ascertain the import of the highly inappropriate argument other than to recognize the obvious—that the jury was clearly invited to utilize a lesser standard of proof.

Our former court of appeals aptly addressed the duties incumbent upon a prosecutor and the lamentable price levied upon the cause of justice when those duties are not fulfilled. In *Bowling v. Commonwealth*, 279 S.W.2d 23 (Ky.1955), the court observed:

> It is regrettable that a case must be reversed because of the zeal of a prosecuting attorney. However, it is the obligation of the prosecuting attorney to conduct himself with due regard to the properties of his office and to see that the legal rights of the accused, as well as those of the Commonwealth, are protected. It is his duty to prosecute but not persecute. He should endeavor to see that justice is meted out and that the accused is dealt with fairly. Above all, there is an obligation that truth and right shall prevail.

Also apropos of this case are the words of Justice Story penned some two hundred sixty-five years ago:

> I deny, that, in any case, civil or criminal, [juries] have the moral right to decide the law according to their own notions, or pleasure. On the contrary, I hold it the most sacred constitutional right of every party accused of a crime, that the jury should respond as to the facts, and the court as to the law. It is the duty of the court to instruct the jury as to the law; and it is the duty of the jury to follow the law, as it is laid down by the court. This is the right of every citizen; and it is his only protection. . . . Every person accused as a criminal has a right to be tried according to the law of the land, the fixed law of the land; **and not by the law as a jury may understand it, or choose,** from wantonness, or ignorance, or accidental mistake, **to interpret it.**

*U.S. v. Battiste*, 2 Sumn. 240, 24 F.Cas. 1042, 1043 (Cir.Ct.Mass.1835) (No. 14,545). (Emphasis added.) We have long adhered to the concept underlying the reasonable

doubt standard of proof as the "fundamental value determination of our society that it is far worse to convict an innocent man than to let a guilty man go free." *In re Winship*, 397 U.S. 358, 372, 90 S.Ct. 1068, 1077, 25 L.Ed.2d 368 (1970) (Harlan, J., concurring).

Though we are remanding this case for a new trial, we will address Rodgers's other allegations of error because they are likely to arise again. He first argues that he was denied a fair trial when the trial court excluded exculpatory evidence. We disagree.

Rodgers contends that the court improperly excluded testimony that Sawisch had been convicted of misdemeanor child abuse for slapping M.D. in January 2005 as well as excluding approximately eighty letters that Sawisch had written to Rodgers during their romantic relationship. He argues that the letters were inculpatory and therefore admissible as "reverse 404(b)" evidence (evidence that tends to negate the defendant's guilt). *Blair v. Commonwealth*, 144 S.W.3d 801, 810 (Ky.2004). Rodgers's reasoning is that Sawisch's abuse conviction would have shown that M.D. lived in fear of her mother and that she was controlled by her. The letters allegedly would have revealed Sawisch's motivation to falsely accuse Rodgers of abuse in order to deprive him of contact with M.D.

Kentucky Rule[s] of Evidence (KRE) 103(a) provides that exclusion of evidence is erroneous if it affects a substantial right of the party seeking admission. Our standard of review for evidentiary issues is whether the trial court abused its discretion. *Partin v. Commonwealth*, 918 S.W.2d 219, 222 (Ky.1996) (*overruled on other grounds* by *Chestnut v. Commonwealth*, 250 S.W.3d 288 (Ky.2008)). Our Supreme Court has defined *abuse of discretion* as a court's acting arbitrarily, un-

reasonably, unfairly, or in a manner "unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999).

In order to be admitted, evidence must be relevant. KRE 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." KRE 401. However, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." KRE 403.

In a recent discussion about reverse 404(b) evidence, this Court recognized the well established right for defendants to present evidence of other crimes of third parties "if in reason it tends ... to negate [their] guilt of the crime charged[.]" *Ferry v. Commonwealth*, 234 S.W.3d 358, 361 (Ky.App.2007) (*quoting U.S. v. Stevens*, 935 F.2d 1380, 1404 (3rd Cir.1991)). We held that the exclusion of such evidence without weighing the factors of KRE 403 constituted an abuse of discretion. *Id.*

In the case before us, the trial court excluded testimony of Sawisch's previous conviction because it found the conviction was irrelevant. The conviction occurred several months before the alleged abuse. The court supplemented its finding by explaining that even if the conviction were relevant, its probative value was outweighed by the likelihood of prejudice and confusion that it would cause. The issue at trial was whether Rodgers—not Sawisch—had abused M.D. Because the trial court properly conducted the balancing of factors as required by KRE 403, we cannot conclude that it abused its discretion in

excluding the evidence of Sawisch's misdemeanor child abuse conviction.

■ Nor do we conclude that the trial court abused its discretion in excluding the letters that Sawisch wrote Rodgers. Rodgers sought admission of the letters in order to demonstrate her acrimonious and recriminatory feelings toward him. There were approximately eighty letters in all. The trial court excluded them, reasoning that they contained information that would be prejudicial and irrelevant. Though Rodgers argues that the exclusion prevented him from presenting a defense, the trial court allowed Rodgers to use one of the letters to impeach Sawisch's testimony. In that letter, Sawisch wrote that if Rodgers hurt her, she would take him to court so that he would never be able to see M.D. again. Rodgers was able to utilize this evidence to present his defense theory to the jury. It did not require admission of all eighty letters, which would have been merely cumulative in nature.

■ Rodgers next argues that the trial court improperly allowed the Commonwealth to characterize his move from Kentucky as evidence of guilt. We disagree.

[13] It is well established that proof of flight is admissible as evidence of a sense of guilt. *Rodriguez v. Commonwealth,* 107 S.W.3d 215, 218 (Ky.2003); *Noah v. Commonwealth,* 273 Ky. 272, 116 S.W.2d 315 (1938). Flight is admissible as evidence to be considered along with other evidence in the case. *Hamblin v. Commonwealth,* 500 S.W.2d 73, 74 (Ky.1973).

The Commonwealth argued to the jury that Rodgers fled Kentucky and lived in homeless shelters in Memphis and Seattle in order to maintain his anonymity, thereby evading prosecution. However, Rodgers testified in rebuttal that he had lived in many different places throughout his life; that he had wanted to leave Kentucky for some time; that a planned job and housing opportunity fell through in Memphis; and that he went to Seattle to connect with his brother. The jury was presented with evidence that it could weigh to decide whether Rodgers had fled to escape prosecution or for a variety of other possible, plausible reasons. Rodgers received—and utilized—the opportunity to rebut the Commonwealth's evidence. Therefore, the trial court did not err in allowing the Commonwealth to characterize his actions as flight. *Id.*

Rodgers's final argument is that he was denied due process because of inadequate notice concerning one of the Commonwealth's witnesses. Since we are remanding for a new trial, this issue is moot. That witness has testified, giving Rodgers more than adequate notice of what her testimony is likely to be at a second trial.

We vacate and remand for proceedings consistent with this opinion.

ALL CONCUR.