Travis VIRES, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 96–SC–482–DG.

Supreme Court of Kentucky.

March 25, 1999.

Cullen Gault, Lexington, for Appellant.

A.B. Chandler III, Attorney General, Perry T. Ryan, Assistant Attorney General, Frankfort, for Appellee.

MICHAEL J. SCHMITT, Special Justice.

This appeal is before the Court pursuant to an order granting discretionary review of a decision of the Court of Appeals which affirmed the conviction of the appellant of second degree manslaughter.

On the night of June 27, 1993, the appellant, Travis Vires, was operating a pickup truck on a rural highway in Knott County. Passengers in the truck at the time were his girlfriend, Greta Caudill and her three year old daughter, Shana. Greta was married to Asa Caudill at the time but the couple was separated. At approximately 7:00 p.m. after purchasing medication for Shana at a local pharmacy, Vires, Greta and Shana encountered Asa Caudill who allegedly was jealous of Vires' relationship with his wife and made one or more threatening statements to the appellant. Later that evening, as Vires was driving Greta and Shana home, Asa Caudill pulled up behind them in a Jeep on a winding mountain road. Vires testified that Asa Caudill intentionally rammed the rear of his pickup truck in an attempt to push the vehicle and its occupants off of the highway and over a mountainside. Eddie Thompson, a passenger in the Caudill Jeep, testified that as he and Caudill came around a curve in the highway that the Vires pickup truck was stopped in the middle of the road. According to Thompson, Caudill applied his brakes and attempted to avoid impact but without success. Vires then exited his vehicle with a semi-automatic pistol in hand and fired two shots at Caudill, one of which pierced the windshield of the vehicle he was driving and struck him in the neck, causing his death.

The matter was submitted to the jury with instructions on murder, first degree manslaughter, second degree manslaughter and reckless homicide. The trial court also submitted a self-protection instruction. The jury returned a verdict of guilty on the charge of second degree manslaughter. The jury, after the penalty phase of the trial, recommended a sentence of ten years imprisonment which the court imposed. The Court of Appeals rejected appellant's arguments that the trial court had committed reversible error in permitting state Police Detective Timothy Hogg to testify as an expert in accident reconstruction when his opinions were not provided to appellant's counsel in pretrial discovery, pursuant to RCr 7.24(1)(b), and in excluding the testimony of a former paramour of Greta Caudill who would have testified that Greta's husband had previously stalked him while he was dating her. The Court of Appeals affirmed appellant's conviction and this Court granted discretionary review.

■ Appellant contends that it was prejudicial error to permit Kentucky State Police Detective Timothy Hogg to testify as an expert in the field of accident reconstruction where his opinion was not provided to defense counsel prior to trial. Approximately four months prior to trial appellant's counsel filed a motion to produce for inspection and discovery, among other items, "results or reports of mental examinations, physical examinations of evidence and all scientific and laboratory tests or experiments." Appellant asserts that permitting Detective Hogg to testify without providing his opinion pursuant to the aforementioned request constituted unfair surprise and materially prejudiced his defense. According to appellant, had he known that the Commonwealth would produce expert testimony relating to the impact between the Vires and Caudill vehicles, he would have procured an expert witness of his own to contradict the police officer.

After the fatal shooting was reported by the passenger in the Caudill vehicle, Detective Hogg was assigned the task of conducting the investigation. He testified that he photographed the Caudill vehicle, the appellant's pickup truck and the roadway where the incident took place. Photographs depicting damage to the rear bumper and left tail light of appellant's truck and the right front quarter panel of the Caudill Jeep were placed into evidence as were pictures of the surface of the highway which according to the testimony depicted skidmarks made by the Caudill vehicle. It was the contention of appellant Vires that his pickup truck was rammed from the rear by Asa Caudill who was attempting to shove the truck and its occupants over a 1,500 foot embankment. Vires testified that at the moment of impact his vehicle was moving forward in an attempt to escape from Asa Caudill who was in pursuit of him. Eddie Thompson, a passenger in the Caudill Jeep, disputed appellant's version of the events and testified that as he and Asa Caudill rounded a curve that the appellant was stopped in the middle of the road blocking traffic. According to the passenger, Caudill applied his brakes in an attempt to avoid impact but was unsuccessful. Under questioning by the Commonwealth's Attorney and without objection from appellant's counsel, Detective Hogg introduced the photographs taken of both vehicles as well as the surface of the roadway and identified skidmarks which he attributed to the Caudill vehicle resulting from an application of the brakes. The skidmarks and relatively minor damage to both vehicles was depicted in photographs and introduced into evidence. The witness commented upon the objects shown in those photographs. The witness, who had attended a course in accident reconstruction at Northern Florida University and had taken related courses at the University of Louisville, was recognized by the court as an expert in the field of accident reconstruction. He testified without objection concerning the angle of impact between the front of the Caudill vehicle and the rear of the Vires pickup truck. No objection was made to this testimony. Counsel for appellant did object when the witness was asked if he held an opinion as to whether or not the physical evidence including damage to the vehicles and skidmarks on the highway were consistent with the victim, Mr. Caudill, having attempted to avoid rather than initiate impact with the Vires pickup. Although the trial judge overruled counsel's objection, the wit-

ness testified that he could not express an opinion on the matter stating that, "That goes a lot to driver input and I really couldn't say that he was trying to avoid or whatever." The witness further testified that he had made no measurements at the scene of the incident and had in fact performed no reconstruction of the impact between the Vires and Caudill vehicles.

Although RCr 7.21(1)(b) requires the attorney for the Commonwealth upon written request by the defense to disclose "... results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof, that are known by the attorney for the Commonwealth to be in the possession, custody, or control of the Commonwealth," the record here unmistakably discloses that the witness neither had nor expressed any opinion concerning Caudill's intent prior to or at the time of impact. Moreover, Detective Hogg testified that he did not perform an accident reconstruction. He prepared no written report. Photographs depicting the skidmarks and the remainder of the complete police investigation file were made available to appellant's counsel pursuant to his request. The Commonwealth notified the defense that Detective Hogg would testify and his opinion was based upon the evidence gathered by him in the course of his investigation and which was provided to appellant's counsel. He did not rely upon any undisclosed premise as a basis for his conclusion. Accordingly, this case is easily distinguishable from the facts of *Barnett v. Commonwealth*, Ky., 763 S.W.2d 119 (1989). There, the Commonwealth's expert serologist testified that there were faint traces of blood on the accused's arm and expressed the opinion that these traces were attributable to a washing away of the blood that could have been expected from the victim's wounds. Before trial, the defendant had moved for discovery of reports of physical examinations of the evidence pursuant to RCr 7.24(1)(b). The Commonwealth provided the serologist's report but the report did not include his opinion as to what the physical findings indicated. In *Barnett*, this Court reversed the conviction based upon such testimony because the serologist's report omit-

ted a significant piece of information, to-wit: The expert's opinion which was based not only upon the premise contained in the report but also upon an additional and necessary premise which was that Barnett may have washed away the victim's blood. This premise in turn was based upon the finding of light blood traces found on Barnett's hands and arms which included the necessary but undisclosed fact that Barnett had an opportunity to wash his hands. This Court noted that without prior knowledge of the expert's opinion, Barnett had no reason to develop proof that the puddle near the murder scene was undisturbed or that Barnett's hands, arms and clothing were not wet from washing so as to refute the expert's opinion.

In the present case, Detective Hogg did not rely upon any undisclosed premise as the basis for his opinion and all facts and supporting materials relied upon by him were provided to defense counsel. There being no undisclosed premise against which the appellant claimed a need to defend himself, the trial court did not err in allowing Detective Hogg to testify as to his opinion based upon the results of his investigation. *Milburn v. Commonwealth*, Ky. 788 S.W.2d 253, 256 (1990). The appellant was not unfairly surprised by Detective Hogg's testimony.

■ The appellant also claims that the trial court erred in excluding the testimony of David Lovins, a former boyfriend of Greta Caudill, who testified in camera that Asa Caudill had previously stalked him while Lovins was dating Greta Caudill. The appellant argues that such testimony was admissible under KRE 404(b) to show that Caudill intended to follow and harass the appellant on the evening of the shooting.

As a general rule, prior bad acts are not admissible to prove action in conformity with the person's character. KRE 404(b)(1) allows the admission of such evidence if it is offered to show some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. In the present case, the appellant sought to introduce such testimony for the purpose of rebutting the Commonwealth's contention that the appellant caused

the accident which ended in the shooting. There was no evidence at trial that the appellant knew of any prior incidents between Caudill and Lovins or had any other reason, based upon Lovins' experience to believe that Caudill posed a threat to appellant's life. The trial court ruled that Lovins' proffered testimony was not relevant to the case and excluded it.

Evidence of Caudill's prior conduct was at best marginally relevant. Any probative value such testimony might have had, was outweighed, however, by its prejudicial effect. The trial court did allow substantial testimony concerning Caudill's relationship with his wife, his prior violent and jealous behavior and his prior confrontations with the appellant. The appellant was, under the circumstances, not prejudiced by the exclusion of this testimony.

The Court having found no reversible error in the record, the judgment of the Knott Circuit Court is HEREBY AFFIRMED.

All concur.

STUMBO, J., not sitting.