Benjamin C. FERRY, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2005–CA–002562–MR.

Court of Appeals of Kentucky.

March 30, 2007.

Discretionary Review Denied by
Supreme Court Oct. 24, 2007.

Linda Roberts Horsman, Assistant Public Advocate, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, James C. Shackelford, Assistant

Attorney General, Frankfort, KY, for appellee.

Before THOMPSON and WINE, Judges; KNOPF,[1] Senior Judge.

## OPINION

WINE, Judge.

The Appellant, Benjamin C. Ferry, appeals his convictions for trafficking in a controlled substance (methamphetamine) and being a persistent felony offender in the first degree (PFO I). Ferry received a sixteen-year sentence. Having considered the written and oral arguments of counsel, as well as the trial record, we vacate and remand for a new trial.

The facts surrounding the arrest of Ferry are straightforward. On July 3, 2004, Officer David Pace of the Cloverport Police Department (Breckinridge County, Kentucky) stopped a vehicle driven by Ferry. Prior to the stop, Pace called for backup, advising he had received a tip Ferry would be transporting drugs. Hardinsburg Police Department Assistant Chief Jeff Hendrick witnessed the stop. Hendrick noticed Ferry was moving around as if to hide something in his pants or under himself.

Officer Adam Hutchinson of the Hardinsburg Police Department also arrived and began a pat-down of Ferry. When Ferry pulled away, Pace took over the search. Ferry unzipped his pants as directed and officers removed a large plastic bag with five smaller packages inside. Officers also found $76 in Ferry's pants. The search was recorded on Pace's cruiser's video camera although there was no audio. The packages are clearly visible on the video played for the jury. A photo of the seized items was taken and introduced during Hendrick's testimony.

The suspected contraband was placed in an evidence envelope by Pace and sent by certified mail to the Kentucky State Police crime lab. The seized substances were identified as methamphetamine.

Subsequent to the search but prior to trial, Pace committed suicide. There were allegations Pace had stolen property from other individuals arrested for drug offenses. An investigation was conducted by Detective Ezra Stout of the Kentucky State Police.

On the morning of trial, the Commonwealth made a motion in limine to preclude introduction of any evidence pertaining to theft allegations against Pace. An in-chambers hearing was conducted. There was no evidence Pace tampered with any evidence or stole any property as to the case involving Ferry. However, Stout testified he recommended Pace be arrested due to the allegations in other cases. Over Ferry's objections, the trial court granted the Commonwealth's motion. The trial court found Stout's testimony to be too speculative and because there was no evidence Pace tampered with drug evidence in other cases, precluded the introduction of Stout's testimony. During the trial, Ferry offered by avowal Stout's testimony. Because Pace committed suicide, the investigation was never completed and Pace was never charged.

Ferry testified at trial. He claimed that Pace had stopped him several times before and never found any controlled substances. He also testified he was carrying five bags of soap powder to wash five separate areas of his truck. Ferry admitted to hiding the baggies in his pants for fear Pace would think they contained contraband. Ferry

---

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

testified he believed Pace switched the soap powder with methamphetamine seized from other individuals and sent those samples to the crime lab.

The jury convicted Ferry on one count of trafficking in a controlled substance. Following a sentencing hearing, the jury recommended sixteen years on the trafficking and PFO I charges.[2] The court sentenced Ferry to serve the sixteen-year sentence on November 17, 2005.

Ferry first argues that the trial court erred when it precluded the introduction of Pace's alleged misconduct. The Appellant argues that evidence of other crimes, wrongs or acts of Pace, while not admissible to prove his character, may be used to show Pace's motive, opportunity, intent, plan or knowledge under KRE 404(b) to "plant" incriminating evidence on Ferry. The practice of introducing such acts has been commonly referred to as "reverse 404(b) evidence" and has been recognized in the Commonwealth as well as the United States Sixth Circuit. *United States v. Lucas*, 357 F.3d 599 (6th Cir.2004); *Blair v. Commonwealth*, 144 S.W.3d 801 (Ky. 2004); *Beaty v. Commonwealth*, 125 S.W.3d 196 (Ky.2003).

The Commonwealth argues the alleged acts of Pace had little or no relevance to the Appellant's case. Further, even if relevant, the probative value of the evidence was outweighed by the prejudicial effect. Therefore, the Commonwealth argues, the trial court judge did not abuse his discretion when he found the allegations too dissimilar from the defense theory that Pace substituted contraband for harmless washing powder.

■ While it may on its face appear far-fetched that Pace sought to "frame" the Appellant, similar defenses have been recognized in other cases. In *Beaty*, the defendant's conviction for a drug-related charge was reversed because he was denied the opportunity to present evidence that another person planted drugs in a car he had been driving. Exclusion of the evidence can only be permitted when "the defense theory is 'unsupported,' 'speculative,' and 'far-fetched' and could thereby confuse or mislead the jury." *Beaty*, 125 S.W.3d at 207.

In *Blair*, the defendant was charged with committing a murder in the course of a robbery. To refute the inference that money in his possession had been stolen from the victim, Blair sought to introduce evidence the investigating officer stole the money. The trial court prohibited the introduction of evidence that the investigating officer had stolen property from the evidence room. The Kentucky Supreme Court held:

> We recognize that the similarity between the two acts in question (theft of a VCR from the evidence room and theft of money from a crime scene) would not satisfy the high standard of admissibility established for KRE 404(b) evidence offered against an accused. See *Billings v. Commonwealth*, Ky., 843 S.W.2d 890, 893 (1992) (prior acts must be so sufficiently similar to demonstrate a modus operandi). However, as pointed out in the leading case of *United States v. Stevens*, 935 F.2d 1380 (3rd Cir.1991), "a lower standard of similarity should govern 'reverse 404(b)' evidence because prejudice to the defendant is not a factor." *Id.* at 1404. "It is well established

---

**2.** The jury's penalty phase instruction provided for a determination of penalty for the trafficking charge and a separate instruction for the PFO enhancement. However, the verdict form combines the two and only provides for a sentence determination between ten and twenty years. The jury should be required to fix separate terms of years.

that a defendant may use similar 'other crimes' evidence defensively if in reason it tends, alone or with other evidence, to negate his guilt of the crime charged against him." *Id.* (internal citation and quotation omitted). This is similar to the requirement that proof of guilt be shown "beyond a reasonable doubt" but proof of an affirmative defense need only be shown by a preponderance of the evidence. KRS 500.070(1), (3). If the evidence has relevance, then it should be excluded only upon application of KRE 403 principles, *i.e.,* that its probative value is substantially outweighed by considerations of confusion of the issues, misleading the jury, or undue delay. *Stevens, supra,* at 1405. None of those factors militate against admission of the evidence in this case.

*Blair,* 144 S.W.3d at 810.

In the case *sub judice,* the Appellant testified Pace had stopped him on several occasions, supposedly on a tip he was transporting drugs. On none of those occasions were drugs found. On July 3, 2004, at 7:30 p.m., the Appellant was again stopped for the same reason. While other officers assisted, Pace actually recovered the suspected contraband. The Kentucky State Police crime lab's request form was not completed until the following day. As indicated by the postmark on the evidence envelope in the court file, the samples were not mailed until July 7, 2004. (Tape 1, Chambers, 10/21/05, 2:48:28). The samples were not received by the lab until July 8, 2004, by certified mail.

Arguably the samples were in the possession of Pace for a sufficient amount of time to make the switch claimed by the Appellant. Even the court acknowledged there was a three-day window for Pace to substitute a controlled substance for soap powder. (Tape 1, Chambers, 10/21/05, 2:52:50).

The Appellant was driving a 1991 pickup truck when arrested. Pace had previously misappropriated a seized vehicle. Detective Stout testified in a hearing outside the presence of the jury that Pace's alleged misconduct occurred both before and after the July 3, 2004 arrest of Appellant. However, while there was no evidence in either this case or any other that Pace had planted any drugs, Stout could not rule out drugs being misappropriated in other cases. (Tape 1, Chambers, 10/21/05, 2:44:14).

In granting the Commonwealth's motion in limine to preclude testimony about Pace's alleged misconduct, the trial judge stated, "You have to establish tampering in this case, it doesn't matter what happened in a hundred other cases." (Tape 1, Chambers, 10/21/05, 2:50:39). To the contrary, a lower standard of admissibility should govern " 'reverse 404(b)' evidence because prejudice to the defendant is not a factor." *Stevens,* 935 F.2d at 1404. "It is well established that a defendant may use similar 'other crimes' evidence defensively if in reason it tends, alone or with other evidence, to negate his guilt of the crime charged against him." *Id.*

■ If the evidence is relevant, it should be excluded only upon application of KRE 403 principles, *i.e.,* that its probative value is substantially outweighed by the prejudicial effect, to wit: confusion of issues or misleading the jury. *Stevens,* 935 F.2d at 1405. Here, while the trial court clearly challenged the credibility of the Appellant's proposed testimony, the prejudicial effect was not weighed. There was no evidence or argument as to how the jury might be confused or misled.

■ Evidentiary rulings are reviewed to determine if there has been an abuse of discretion by the trial court. *Barnett v. Commonwealth,* 979 S.W.2d 98, 103 (Ky.

1998). The failure to balance the probative value of the proposed testimony of Stout against the confusion to the jury is an abuse of discretion. "[I]f the evidence [that the crime was committed by someone else] is in truth calculated to cause the jury to doubt, the court should not attempt to decide for the jury that this doubt is purely speculative and fantastic but should afford the accused every opportunity to create that doubt." 1A John Henry Wigmore, *Evidence in Trials at Common Law* § 139 (Tiller's rev.1983). *Beaty,* 125 S.W.3d at 209.

■ As in *Beaty,* this error was not harmless. "Because of the fundamental importance of the evidence to Appellant's defense, we cannot conclude beyond a reasonable doubt that the error was harmless. 'No matter how credible the defense, our system of justice guarantees the right to present it and be judged by it.'" *Beaty,* 125 S.W.3d at 209, quoting *Pettijohn v. Hall,* 599 F.2d 476, 483 (1st Cir.1979).

For this reason, we vacate the methamphetamine conviction and PFO I penalty enhancement and remand those charges for a new trial.

■ Because we are remanding the matter for a new trial, we will discuss the other issue raised by the Appellant, to wit: the testimony of Officers Hendrick and Hutchinson as "experts." Because the Appellant did not preserve this issue for review, he asks this Court to review this error for substantial injustice pursuant to RCr 10.26.

■ Assuming the officers' testimony was subject to a review under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), there was no motion for a hearing to challenge their credentials. The trial court is not required to conduct such a hearing *sua sponte.* *Tharp v. Commonwealth,* 40 S.W.3d 356, 368 (Ky.2000).

Further, there was no pretrial order pursuant to RCr 7.24(1) requiring pretrial disclosure of the officers' identity as "experts."

Finally, the Appellant was aware he had been charged with trafficking in a controlled substance and that 4½ grams in small packages had been seized. There was no error in allowing the officers to give opinions based upon the facts in this case. *Vires v. Commonwealth,* 989 S.W.2d 946 (Ky.1999).

Thus, there was no violation of the Appellant's rights to due process and a fair trial as a result of the introduction of their opinion evidence.

The Appellant's convictions for trafficking in a controlled substance and PFO I are vacated and this matter remanded for a new trial.

ALL CONCUR.